IN THE
UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 MAY 31 P 2: 32

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) 2:05CV513-C |
| STATE OF ALABAMA | ) |
| DEPARTMENT OF | ) |
| TRANSPORTATION, JOE MCINNES, | ) |
| in his official capacity as | ) |
| Director of the State of | ) |
| Alabama Department of | ) JURY DEMAND |
| Transportation; | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**I.    Introduction**

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race and retaliation against the plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII"); 42 U.S.C. § 1981 (hereinafter "§ 1981"). The plaintiff asserts his claims for relief for the defendants' violations of § 1981 through 42 U.S.C. § 1983 (hereinafter "§ 1983"). The plaintiff requests a trial by jury of all issues triable by a jury.

**II.    Jurisdiction**

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

### III. Administrative Exhaustion

3. The plaintiff has met all administrative conditions precedent for filing this case under Title VII. He filed a timely charge with the Equal Employment Opportunity Commission alleging retaliation and discrimination on the basis of race and is filing this suit within 90 days of receiving his notice of his right to sue.

### IV. Parties

4. Plaintiff, Tony Cabbil, is an African American male over the age of nineteen (19) years and a resident of Tuscaloosa County, Alabama.

5. Defendant State of Alabama Department of Transportation ("ALDOT") is an employer subject to suit under Title VII of the Civil Rights Act of 1964. ALDOT has more than fifteen (15) employees.

6. Defendant Joe McInnes is named in his official capacity as Director of the State of Alabama Department of Transportation.

### V. Statement of Facts

7. The plaintiff realleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail herein below.

8. Tony Cabbil was hired by the Alabama Department of Transportation on July 30, 2001 as an Engineering Assistant.

9. In November 2003, Cabbil complained to his supervisor that he believed he was being discriminated against because of his race in job assignments.

10. In December 2003, Mr. Cabbil filed a grievance contending that he had been treated unfairly by his supervisor with respect to job assignments and other issues because of his race and in retaliation for his previous complaints of discrimination.

11. On April 27, 2004, Mr. Cabbil was notified that he was being terminated from his job at ALDOT. His employment was terminated as of April 27, 2004.

12. Similarly situated employees who did not file grievances, as well as similarly situated white employees who have committed nearly identical infractions to those of which Mr. Cabbil was accused have not been terminated. The reasons given for plaintiff's termination are not legitimate and are a pretext for illegal discrimination and retaliation.

13. All actions alleged herein were committed under color of State law and have violated the plaintiff's rights under the Fourteenth Amendment of the United States Constitution. Defendants engaged in the practices complained of herein with malice and/or with reckless indifference to plaintiff's federally protected rights.

## VI. CAUSES OF ACTION

### COUNT I - RACE DISCRIMINATION IN VIOLATION OF TITLE VII

14. The plaintiff realleges and incorporates by reference paragraphs 1-13 above with the same force and effect as if fully set out in specific detail hereinbelow.

15. As discussed above, the Department's treatment of the plaintiff was based, at least in part, on the plaintiff's race (African-American). The defendants thus have violated the proscription against race discrimination found in Title VII.

16. The plaintiff asserts his Title VII claims against the Department only, and not against the individual defendants.

## COUNT II - RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

17. The plaintiff realleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail hereinbelow.

18. As discussed above, the defendants' treatment of the plaintiff was based, at least in part, on the plaintiff's race (African-American). The defendants thus have violated the plaintiff's right to make and enforce contracts on the same basis as white persons.

19. The plaintiff asserts this claim through § 1983, and only against Defendant McInnes in his official capacity.

## COUNT III - RETALIATION IN VIOLATION OF TITLE VII

20. The plaintiff realleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail hereinbelow.

21. The plaintiff's grievance alleging that he was being discriminated against based on his race and his complaints to supervisors concerning discrimination were protected opposition to conduct that the plaintiff reasonably believed was unlawful.

22. The Department's treatment of the plaintiff, as discussed above, was causally connected to the plaintiff's protected activity and thus violated Title VII's proscription against retaliation for opposing discriminatory employment practices.

## COUNT IV - RETALIATION IN VIOLATION OF 42 U.S.C. §1981

23. The plaintiff realleges and incorporates by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail hereinbelow.

24. The plaintiff's grievance alleging that he was being discriminated against based on his race and his complaints of discrimination to his supervisors were protected opposition to conduct that the plaintiff

reasonably believed was unlawful.

25.  The defendants' treatment of the plaintiff, as discussed above, was causally connected to the plaintiff's protected activity and thus violated 42 U.S.C. §1981's proscription against retaliation for opposing discriminatory employment practices.

26.  The plaintiff asserts this claim through § 1983, and only against defendant McInnes in his official capacity.

## VII.  PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.  Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII and 42 U.S.C. § 1981.

2.  Enter an Order requiring the defendants to make the plaintiff whole by reinstating him, awarding him backpay (plus interest), compensatory damages, lost seniority, nominal damages, benefits and loss of pension.

3.  The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
Kell A. Simon
Alabama State Bar No. ASB-0214-O77K

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0591

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

_____
Kell A. Simon
Alabama State Bar No. ASB-0214-O77K

Plaintiff's Address:

Tony Cabbil
1110 Wakefield Drive
Tuscaloosa, Alabama 35405

Defendants' Addresses:

Alabama Department of Transportation
1409 Coliseum Blvd.
Montgomery, Alabama 36110

J. D. McInnes
Alabama Department of Transportation
1409 Coliseum Blvd.
Montgomery, Alabama 36110