IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cv-513-C |
| | ) | |
| STATE OF ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION and JOE McINNES, | ) | |
| in his official capacity as Director of the State | ) | |
| of Alabama Department of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANTS ALABAMA DEPARTMENT OF TRANSPORTATION AND JOE McINNES TO PLAINTIFF'S COMPLAINT

Defendants, State of Alabama Department of Transportation and Joe McInnes, as Director of the Alabama Department of Transportation submit the following answer to the Plaintiff's Complaint and corresponding numbered paragraphs:

**I. Introduction**

1.  No response is necessary.

**II. Jurisdiction**

2.  This paragraph is a jurisdictional statement and the burden of proving jurisdiction rests, at all times, with the Plaintiff, this paragraph is denied until specifically proven by the Plaintiff.

### III. Administrative Exhaustion

3. Defendants are without sufficient information to admit or deny the allegations of paragraph 3.

### IV. Parties

4. Defendants admit that Tony Cabbil is an African American male over the age of nineteen years, but is without sufficient information to admit or deny the remaining allegations of paragraph 4.

5. Defendants admit that State of Alabama Department of Transportation is an employer with more than 15 employees subject to suit under Title VII of the Civil Rights Act of 1964.

6. Defendants admit that Joe McInnes is named in his official capacity as Director of the Alabama Department of Transportation.

### V. Statement of Facts

7. No response is necessary to this paragraph.

8. Admitted.

9. Defendants are without sufficient information to admit or deny the allegations of paragraph 9.

10. Defendants are without sufficient information to admit or deny the allegations of paragraph 10.

11. Defendants admit that Plaintiff was notified of his termination but are without sufficient information to admit or deny when he received this notification. The remaining allegations of paragraph 11 are denied as Plaintiff was terminated effective April 28, 2004.

12. Denied.

13. Denied.

**VI.  CAUSES OF ACTION**

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

14. No response is necessary to this paragraph.

15. Denied.

16. No response is necessary to this paragraph.

**COUNT II – RACE DISCRIMINATION IN VIOLATION OF 42 U. S. C. § 1981**

17. No response is necessary to this paragraph.

18. Denied.

19. No response is necessary to this paragraph.

**COUNT III – RETALIATION IN VIOLATION OF TITLE VII**

20. No response is necessary to this paragraph.

21. Denied.

22. Denied.

**COUNT IV – RETALIATION IN VIOLATION OF 42 U. S. C. §1981.**

23. No response is necessary to this paragraph.

24. Denied.

25. Denied.

26. No response is necessary to this paragraph.

**VII.  PRAYER FOR RELIEF**

1. Defendants deny that the Plaintiff is entitled to a permanent injunction from this court and deny that they have violated or continue to violate Title VII and 42 U.S.C. §1981.

2. Defendants deny that the Plaintiff is entitled to reinstatement, backpay, compensatory damages, lost seniority, nominal damages, benefits and loss of pension.

3. Defendants deny that the Plaintiff is entitled to attorney's fees, costs, expenses or any other form of relief.

Defendants deny each and every allegation of the Plaintiff's complaint not heretofore expressly admitted, and further deny that Plaintiff is entitled to any recovery of any damages.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

The Plaintiff failed to exhaust his administrative remedies.

### THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

The Plaintiff has suffered no damages.

### FIFTH DEFENSE

The Plaintiff failed to mitigate damages.

### SIXTH DEFENSE

Any adverse employment actions, decisions, or differential treatment were based on nondiscriminatory and legitimate purposes.

**SEVENTH DEFENSE**

Any adverse employment actions, decisions, or differential treatment were based on factors other than racial discrimination or retaliation.

**EIGHTH DEFENSE**

The defendants plead the *Mt. Healthy* defense. The same personnel decisions would have been taken even in the absence of discriminatory or retaliatory motive.

**NINTH DEFENSE**

ALDOT pleads the affirmative defense of estoppel.

**TENTH DEFENSE**

ALDOT pleads the affirmative defense of waiver.

**ELEVENTH DEFENSE**

No actions by the defendants were motivated by facial, invidious discriminatory animus.

**TWELTH DEFENSE**

Eleventh Amendment immunity bars any relief against the state defendant ALDOT.

**THIRTEENTH DEFENSE**

ALDOT pleads the defense of laches.

**FOURTEENTH DEFENSE**

All claims against Defendant McInnes, sued in his official capacity are barred by the Eleventh Amendment to the U.S. Constitution.

**FIFTEENTH DEFENSE**

The Plaintiff's 42 U.S.C. §1981 claims, pled through 42 U.S.C. §1983 and presented in Counts II and IV, are due to be dismissed as Defendant McInnes (sued in his official capacity) is not a "person" who can be sued under §1983.

**SIXTEENTH DEFENSE**

Defendants exercised reasonable care to prevent and promptly correct any race discrimination and the Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by ALDOT or to avoid harm otherwise. Defendants disseminated an antidiscrimination policy which was in full force and effect and fully and properly responded to the Plaintiff's complaints about race discrimination.

**SEVENTEENTH DEFENSE**

Defendants reserve the right to raise additional defenses.

RESPECTFULLY SUBMITTED
TROY KING (KIN047)
ATTORNEY GENERAL

s/ Stacey S. Houston
JIM R. IPPOLITO, JR. (IPP001)
Assistant Attorney General
Chief Counsel
STACEY S. HOUSTON (HOU008)
Assistant Attorney General
Assistant Counsel

ADDRESS OF COUNSEL:

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
houstons@dot.state.al.us

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cv-513-C |
| | ) | |
| STATE OF ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION and JOE McINNES, | ) | |
| in his official capacity as Director of the State | ) | |
| of Alabama Department of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following: Kell Simon, Esq., WIGGINS, CHILDS, QUINN & PANTAZIS, P.C., 301 Nineteenth Street, North, Birmingham, Alabama 35203.

        RESPECTFULLY SUBMITTED

        s/ Stacey S. Houston
        JIM R. IPPOLITO, JR. (IPP001)
        Assistant Attorney General
        Chief Counsel
        STACEY S. HOUSTON (HOU008)
        Assistant Attorney General
        Assistant Counsel

ADDRESS OF COUNSEL:

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
houstons@dot.state.al.us