IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| Plaintiff, | ) |
| v. | ) |
| ALABAMA DEPARTMENT OF TRANSPORTATION and JOE McINNES, etc., | ) CASE NO. 2:05-cv-513-MHT |
| Defendants. | ) |

## AFFIDAVIT OF NICKY L. CALHOUN

Before me, the undersigned notary public in and for the State of Alabama at Large, this day personally appeared Nicky L. Calhoun, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

"My name is Nicky L. Calhoun. . I am a resident of the State of Alabama, over the age of nineteen years and have personal knowledge of the facts set forth in the affidavit."

"I am employed with the Alabama Department of Transportation (ALDOT) in Tuscaloosa, Alabama for ALDOT's Fifth Division office. My job classification is Assistant Division Engineer in charge of the Construction Section. I have been employed with ALDOT or County Highway Departments since January 1971.

"On March 15, 2004, in a memorandum, I recommended that the Plaintiff's employment with ALDOT be terminated as soon as possible. *See*, Exhibit 1. I based this decision on the documents from the Plaintiff's supervisor's and Mr. Lewis Rager, Jr., then the District Engineer for District Two. The Plaintiff's supervisors cited him for inattention to job, failure to perform job properly, falsification of records, leaving job station without permission, and leaving before the end of the shift/walking off the job."

"My own investigation led me to determine that the Plaintiff violated ALDOT rules for absenteeism, disruptive conduct, poor housekeeping, insubordination, and use of abusive or threatening language to fellow employees. I came to these conclusions after reviewing the Plaintiff's personnel file, performance appraisals, and talking to his supervisors and fellow ALDOT employees. In his performance appraisals, the Plaintiff met standards, but had to be

1

advised to report for work and be available to work overtime. *See,* Exhibit 2. On December 8, 2003, the Plaintiff was reprimanded for excessive call-in absences. On numerous occasions, the Plaintiff did not report for work, but called in sick. According to ALDOT policy, when an employee has excessive call-in absences, regardless of reason, the employee is issued a warning and advised that further disciplinary action may be taken if the conduct continues.. The Plaintiff was progressively counseled by his supervisor and signed the warning. *See,* Exhibit 3."

"After my review, I sent my recommendation of termination to the Division Engineer, Mrs. L. Dee Rowe."

Dated this the 9th day of June 2006.

_____
Nicky L. Calhoun
Affiant

Subscribed and sworn to before me this the 9th day of July 2006.

_____
Notary Public
My Commission Expires  11-30-0 8

2



# ALABAMA
## Department of Transportation

FIFTH DIVISION
OFFICE OF THE DIVISION ENGINEER
POST OFFICE BOX 70070
TUSCALOOSA, ALABAMA 35407
Telephone: (205) 553-7030
FAX: (205) 556-0900

Bob Riley
GOVERNOR

Joe McInnes
TRANSPORTATION
DIRECTOR

March 15, 2004

### MEMORANDUM

TO:       Ms. L Dee Rowe
          Division Engineer
          5th Division

FROM:     Nicky L. Calhoun
          Assistant Engineer - Construction

SUBJECT:  Tony L. Cabbil
          Engineer Assistant
          District Two

Attached are documents from the supervisors supporting data concerning Mr. Tony Cabbil. The District Engineer, District Two has recommended termination of Mr. Cabbil for the following violations:
1) Inattention to job.
2) Failure to perform job properly.
3) Falsification of records.

Based on the documentation transmitted herewith, I am adding a fourth violation:
4) 670X-19-01(f) – Leaving job station without permission and/or 670-X-19-.02(i) – Leaving before the end of the shift/walking off the job.

According to Section 670-X-19-.02 of the Rules of the State Personnel Board, violations #3 and #4, "may result in suspension or discharge on the first offense."

Mr. Cabbil is obviously not keeping records accurately. His work and records have to be constantly checked and verified because we are not able to rely upon his "completed work."

The above indicated violations are reached from one series of incidences while working with Mr. Gary Elliott, a seasoned ALDOT project engineer.

However, further investigation has led me into determining a pattern of violations while working with Mr. Elliott and other project engineers. These are:

EXHIBIT 1

Memorandum
March 15, 2004
Page 2

Chapter 670-X-19-.01(1)
    b) Absenteeism - …a pattern of absences, or excessive absences.
    g) Disruptive conduct of any sort
    a) Poor housekeeping

Chapter 670-X-19-.01(2)
    a) Insubordination
    e) Use of abusive or threatening language.

Mr. Cabbil has an attitude that he is being picked on or singled out. In my opinion, this causes him to retaliate by questioning his supervisors' authority, his untimely habit of taking time off after becoming aware of his next task or work location, not cooperating with his co-workers, and his intimidating actions toward work and personnel including one occurrence of personal hygiene.

Due to Mr. Cabbil's work record, I do not trust his inspection. Due to Mr. Cabbil's threatening attitude, his co-workers do not want to work around him. Due to the pattern exhibited by Mr. Cabbil towards regulations I do not forsee him taking constructive criticism. Progressive discipline has been applied to no avail.

I recommend termination of Mr. Cabbil as soon as possible. In order to prevent any personal retaliation or damage to ALDOT data or equipment, I request Mr. Cabbil be placed on mandatory leave (paid or unpaid) until his pretermination hearing and termination dates are over.

I believe this action is in the best interests of ALDOT.

NLC:bgm

Attachments