IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cv-513-MHT |
| | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF TRANSPORTATION and JOE | ) | |
| McINNES, in his official capacity | ) | |
| as Director of the State of Alabama | ) | |
| Department of Transportation | ) | |
| | ) | |
|    Defendants. | ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 21, 2006, wherein the following proceedings were held and actions taken:

    1.    <u>PARTIES AND TRIAL COUNSEL</u>:

    Russell W. Adams for Plaintiff

    Andrew W. Redd for Defendants

    Robert Prescott for Defendants

    COUNSEL APPEARING AT PRETRIAL HEARING:

    Russell W. Adams for Plaintiff

    Robert Prescott for Defendants

    <u>JURISDICTION AND VENUE</u>: Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C. § 2000e-5. Venue is proper in this Court.

    <u>PLEADINGS</u>:  The following pleadings and amendments were allowed:

    Complaint (Doc. #1)
    Answer (Doc. #5)
    Motion for Extension of Time to File Dispositive Motions (Doc. #16)
    Defendants' Motion for Summary Judgment (Doc. #19)
    Defendants' Brief in Support of Motion for Summary Judgment (Doc. #20)
    Defendants' Evidentiary Materials in Support of Summary Judgment (Doc. #21)
    Plaintiff's Response in Opposition to Summary Judgment (Doc. #27)
    Plaintiff's Evidentiary Submissions in Support of Opposition to Summary Judgment (Doc. #28)
    Defendants' Response to Plaintiff's Response in Opposition (Doc. #30)
    Defendants' Supplemental Evidentiary Materials (Doc.31

CONTENTIONS OF THE PARTIES:

(a)  The plaintiff: Tony Cabbil, an African-American, was hired by the Alabama Department of Transportation on July 30, 2001 as an Engineering Assistant. Approximately one year later, Mr. Cabbil was placed under the supervision of Donna Elliot. In November 2003, Cabbil complained to Mr. Rager, Ms. Elliot's supervisor that he believed he was being discriminated against because of his race by Ms. Elliot. Mr. Rager failed to investigate the allegations other than to speak with Ms. Elliot about them. In December 2003, Mr. Cabbil filed an internal grievance contending that he had been treated unfairly with respect to job assignments and other issues because of his race and in retaliation for his previous complaints of discrimination. This charge was filed against Ms. Elliot and Mr. Rager. That same month Mr. Cabbil was transferred to a new position under the direct supervision of a new supervisor, Gary Elliot. Gary Elliot is Donna Elliot's husband.

The Defendants' internal investigation of Mr. Cabbil's grievance was critical of both Ms. Elliot and Mr. Rager, but did not offer Mr. Cabbil any substantive relief, and Mr. Cabbil rejected the defendants' proposed resolution to the grievance. In March 2004, shortly after Mr. Cabbil rejected the defendants' proposed resolution, Mr. Rager recommended Mr. Cabbil's

termination. Mr. Rager's supervisor, Nicky Calhoun, then asked Mr. Rager, Donna Elliot and Gary Elliot for "whatever they could come up with to support the termination of Mr. Cabbil." Mr. Calhoun was aware of Mr. Cabbil's claim of discrimination. Mr. Calhoun then passed his recommendation that Mr. Cabbil be terminated to the Division Engineer, Dee Rowe, who had been involved in the investigation of Mr. Cabbil's complaint. Ms. Rowe then passed that recommendation to Joe McInnes. On April 27, 2004, Mr. Cabbil was notified that he was being terminated from his job at ALDOT. His employment was terminated as of April 27, 2004.

Mr. Cabbil was allegedly terminated for the failure to properly inspect painting being done on the Hugh Thomas Bridge. All of the Defendants' employees recommending termination allegedly based their decision upon documentation which they later admitted failed to show whether Mr. Cabbil or his co-worker, Mr. Edwards, was the person who failed to properly inspect the paint job. Mr. Edwards, the Chief Inspector on the Hugh Thomas painting project, was assigned to supervise and train Mr. Cabbil on how to perform the bridge inspection duties– a job Mr. Cabbil had never performed before. Though none of the decisionmakers for Mr. Cabbil's termination could tell whether the errors had been made by Cabbil or Edwards, Mr. Edwards was neither terminated nor disciplined for this incident. Mr. Edwards, though also African-American, had not filed a claim of discrimination. White employees were not terminated for infractions of similar severity. Mr. Cabbil was given his termination letter in the presence of Nicky Calhoun, Lewis Rager, Gary Elliott, Donna Elliott, and Tiffany Ramsay. Mr. Cabbil was replaced by a white employee. The reasons given for plaintiff's termination are not legitimate and are a pretext for illegal discrimination and retaliation.

In accordance with his rights and entitlements secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981, Mr. Cabbil requests that this Court (1) issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of his rights under those statutes (2) grant him a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII and 42 U.S.C. §1981; (3) enter an Order requiring the defendant to make Cabbil whole by awarding him back pay (plus interest), compensatory damages, lost seniority, nominal damages, benefits and loss of pension; and, (4) order such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

(b)     The Defendants:  The Defendants deny that they have discriminated against the Plaintiff on account of his race, in violation of his rights under the provisions of Title VII or Section 1981, as alleged.  Defendants further deny that they have retaliated against the Plaintiff for having filed grievances or other complaints wherein he alleged racial discrimination with respect to his employment.

Defendants contend that any adverse employment actions taken against the plaintiff, to include reprimand and termination, were based upon the plaintiff's misconduct and poor job performance, and not on account of his race.

Defendants contend that the plaintiff has failed to present any proper comparators to support his contention that the alleged adverse employment actions were based upon his race or for having filed grievances or complaints. Defendants contend that they have proffered legitimate, non-

discriminatory reasons for the job actions taken against the plaintiff; reasons which have not been disputed by competent evidence.

Defendants contend that the plaintiff has failed to present evidence which supports his contention that the Defendants retaliated against him for having filed grievance and complaints.

Defendants further contend that the Plaintiff, who has testified that he is totally disabled, is precluded from relief beginning at the time of his incapacitation.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

There are no substantive stipulations.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last three (3) days, are set for October 2, 2006, at 10:00 a.m., at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama 36104;**

**(2) The parties are to file their pre-trial briefs by no later than September 27, 2006;**

**(3) Each party shall have available at the time of trial, for use by the court (the judge, the**

courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 21st day of August, 2006.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**