## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:05-cv-00513-MHT |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, and JOE McINNES, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT'S REQUESTED JURY CHARGES

Defendant Alabama Department of Transportation submits the attached jury charges in the above referenced case.

RESPECTFULLY SUBMITTED
TROY KING
ATTORNEY GENERAL

s/ Andrew W. Redd
Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

Andrew W. Redd (RED001)
George Robert Prescott, Jr. (PRE020)
Assistant Attorneys General
Assistant Counsel

**ADDRESS OF COUNSEL:**

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
redda@dot.state.al.us

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on **September 25, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Russell W. Adams Esq.,
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
301 Nineteenth Street, North,
Birmingham, Alabama 35203.

s/ Andrew W. Redd
Andrew W. Redd (RED001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359
redda@dot.state.al.us

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 1**

Now that you have heard all the evidence and the arguments of the lawyers, I will explain to you the rules of law that apply to this case--the rules that you must follow and apply during your consideration of the issues in the case.  It is your duty to follow and apply the law as I explain it to you whether or not you agree with that law, and you must not let your decision be influenced in any way by sympathy or by prejudice, for or against anyone.


**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 2**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who called the witness; all exhibits received in evidence, regardless of who may have produced them; and all facts and events that may have been admitted or stipulated to [*and all facts and events that may have been judicially noticed*].

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[*I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.*]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

*Federal Jury Practice and Instruction*, § 103.30 (5th ed.).

**GIVEN**        _____

**COVERED**     _____

**REJECTED**   _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 3**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

*Federal Jury Practice and Instruction*, § 105.01.


**GIVEN**        _____

**COVERED**      _____

**REJECTED**     _____

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 4**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony, and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

*Federal Jury Practice and Instruction*, § 105.04.

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 5**

A witness may be discredited or impeached by evidence.  If you believe that any witness

has been impeached and thus discredited, it is your exclusive responsibility to give the testimony

of that witness such credibility, if any, as you think it deserves.

*Federal Jury Practice and Instruction*, § 105.05.


**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 6**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Eleventh Circuit Pattern Jury Instruction (Civil)*, § 4.1.

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )　　**No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
| **Defendants.** | ) |

**Requested Jury Instruction 7**

Where it has been shown that prior to testifying, a witness, either in person or by deposition, has said something or done something that is inconsistent or different from what that person says in testimony, that inconsistency may be taken by you as you see fit in deciding how much trust and faith you place on what the witness says to you in testimony.


**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
|     **Defendants.** | ) |

**Requested Jury Instruction 8**

Anyone can file a lawsuit. It is simply a matter of filing a document in the courthouse. But, in order to prevail, a plaintiff must prove each of his claims by a preponderance of the evidence.

**GIVEN**    _____

**COVERED**    _____

**REJECTED**    _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 9**

In this case it is the responsibility of the plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

*Eleventh Circuit Pattern Jury Instructions (Civil)*, § 6.1.

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 10**

Plaintiff brought claims alleging that the defendants have discriminated against him on the basis of his race. Under Title VII and Section 1981, an employer may not discriminate against an employee because of that employee's race. That means that, in most circumstances, an employer may not treat an employee differently because of the employee's race with respect to the terms and conditions of employment, such as hiring, transfer, promotion, reassignment, or discharge. Title VII and Section 1981 do not require an employer to give special treatment to employees based on their race. Rather, the race of an employee is accorded neutral status.

*Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir. 1982); *Williams v. General Motors Corp.*, 656 F.2d 120, 129 (5th Cir. 1981).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 11**

A plaintiff may establish a case without direct evidence of discrimination by means of indirect evidence if that evidence is sufficient to prove by a preponderance of the evidence that the plaintiff's race was the motivating factor in the defendant's decision.

The first step in such a case is for you to determine whether the plaintiff has established each element of his *prima facie* case. More specifically, to prove a *prima facie* case, a plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)    the plaintiff is a member of the protected class;

(2)    the plaintiff suffered an adverse employment action;

(3)    the plaintiff  was qualified for the job; and

(4)    the employer treated similarly situated employees outside the protected classification more favorably.

If a plaintiff has failed to prove by a preponderance of the evidence any of the elements listed above, you must decide in favor of ALDOT.

*Knight v. Baptist Hospital of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003); *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1228 (11th Cir. 2002); *Manaccia v. Brown*, 171

F.3d 1364, 1368 (11th Cir. 1999); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
|     Defendants. | ) | |

**Requested Jury Instruction 12**

Under the laws applicable in this case, an employer can hire, promote, discipline, or discharge for any reason, good or bad, fair or unfair, and the employer's employment decision does not give rise to any cause of action in a court of law for damages *unless* the person's race was a determining factor in the decision. Even if the decision seems unfair or upsetting to you, the employer would not have violated Title VII or Section 1981, which is the law plaintiff seeks to enforce in this case, unless race was a determining factor in the decision. You may not substitute your own judgment for that of the defendants' agents, even though you personally may not approve of their exercise of judgment or would have acted differently under the circumstances shown by the evidence. You do not have to believe that defendants' agents were fair or correct in their employment decisions, but you must determine whether the agents made said decision without plaintiff's race being a determining factor.

You do not have the right to second guess or substitute your judgment for the judgment of the employer. An employer has the right to manage its business as it sees fit.

*Davis v. Town of Lake Park*, 245 F.3d 1232, 1238-46 (11th Cir. 2001); *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1269 (11th Cir. 2001); *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000); *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989).

**GIVEN**     _____

**COVERED**     _____

**REJECTED**     _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
| **Defendants.** | ) |

**Requested Jury Instruction 13**

In order to prove discrimination on the part of the defendants, the plaintiff has the burden of proving, among other things, that he suffered an "adverse employment action." The law "is clear, however, that not all conduct by an employer negatively affecting an employee constitutes "adverse employment action." Rather, to prove adverse employment action, the plaintiff "must show a *serious and material* change in the terms, conditions, or privileges of employment. Moreover, the [plaintiff's] subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances."

*Davis v. Town of Lake Park*, 245 F.3d 1232, 1238-39 (11th Cir. 2001) (emphasis original).

**GIVEN**     _____

**COVERED**     _____

**REJECTED**     _____

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
| **Defendants.** | ) |

**Requested Jury Instruction 14**

In order "[t]o show that employees are similarly situated, the plaintiff must show that the employees are similarly situated in all relevant respects."  "In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.  The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed."  In order for two employees to be similarly situated, the law "require[s] that the quantity and quality of the comparator's misconduct be nearly identical."

*Knight v. Baptist Hospital of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003); *Manaccia v. Brown*, 171 F.3d 1364, 1369 (11th Cir. 1999).

**GIVEN**    _____

**COVERED**    _____

**REJECTED**    _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| Defendants. | ) | |

**Requested Jury Instruction 15**

A plaintiff may establish a case without direct evidence of discrimination by means of indirect evidence if that evidence is sufficient to prove by a preponderance of the evidence that the plaintiff's race was the motivating factor in the defendant's decision.

The first step in such a case is for you to determine whether the plaintiff has established each element of his *prima facie* case.  More specifically, to prove a *prima facie* case of discriminatory discipline, a plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     the plaintiff was within the protected class;

(2)     the plaintiff suffered from an adverse employment action;

(3)     the plaintiff was qualified for the job; and

(4)     the misconduct for which the plaintiff was disciplined was nearly identical to that engaged in by an employee outside the protected class whom the employer treated more favorably.

If a plaintiff has failed to prove by a preponderance of the evidence any of the elements listed above, you must decide in favor of the defendants.

*Alexander v. Fulton County*, 207 F.3d 1303, 1336 (11th Cir. 2000); *Lathem v. Dept. of Children and Youth Servs.*, 172 F.3d 786, 792 (11th Cir.1999); *Manaccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984).


**GIVEN**          _____

**COVERED**       _____

**REJECTED**      _____

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
| **Defendants.** | ) |

**Requested Jury Instruction 16**

Establishment of the *prima facie* case creates a rebuttable presumption that the defendants unlawfully discriminated against the plaintiff. If the plaintiff has proven facts establishing each element of the *prima facie* case, then you must consider whether the defendants have presented any legitimate, nondiscriminatory reason for their decisions. The defendants' burden is simply to state a legitimate, nondiscriminatory reason. The defendants do not have to convince you that the reason is true or good.

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 2747 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 17**

If the employer carries its burden of articulating a legitimate, non-discriminatory reason for its conduct, the plaintiff may prevail only by proving by a preponderance of the evidence that the stated reasons for the employer's conduct were not the true reasons but were merely a pretext or cover-up and that race discrimination was the real reason for the defendants' action.

If the plaintiff fails to prove that the defendants' stated reason for their conduct was merely a pretext or cover-up and race discrimination was the real reason for the defendants' action, you must find for the defendants.

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 2751 (1993); *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714 (1983); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Chapman v. AI Transport*, 229 F.3d 1012, 1025 n.11 (11th Cir. 2000); *Smith v. Papp Clinic*, 808 F.2d 1449, 1451 (11th Cir. 1987); *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1495 (11th Cir. 1989).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 18**

The law does not allow you to make a finding of discrimination based simply upon your disbelief of defendant's witnesses or explanations.  Rather, in order to recover, each plaintiff must present factual evidence that the real reason for his employer's decision was race discrimination.

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 517, 113 S. Ct. 2742, 2753 (1993); *Chapman v. AI Transport*, 229 F.3d 1012, 1025 n.11 (11th Cir. 2000).


**GIVEN**        _____

**COVERED**      _____

**REJECTED**     _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 19**

There is evidence in this case from which you may infer that the person involved in the decisions to discipline and/or lay off or discharge the plaintiff was also involved in earlier decisions to hire plaintiffs and/or grant pay increases. When the person involved in an adverse employment action as to the plaintiff is the same person who decided to hire him and/or grant prior pay increases, you may infer from this evidence that the adverse employment action was not motivated by race. Generally, "[a]n individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class."

*Williams v. Vitro Services Corp.*, 144 F.3d 1438, 1443 (11th Cir. 1998), *quoting Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995); *Rocky v. Columbia Lawnwood Regional Medical Center*, 54 F. Supp. 2d 1159, 1171 (S.D.Fla. 1999).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE McINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 20**

Plaintiff's retaliation claims against the defendant employer are also based on Title VII of the Civil Rights Act of 1964 and Section 1981. In order to prevail on a claim of retaliation, the plaintiff must first establish a *prima facie* case of retaliation. To do so, he must prove by a preponderance of the evidence that:

      (1)      he engaged in statutorily protected expression;

      (2)      that he suffered an adverse employment action; and

      (3)      a causal connection between those two events.

If the plaintiff fails to prove all three of the foregoing elements by a preponderance of the evidence, you must return a verdict for the defendant employer on the plaintiff's retaliation claim.

*Brochu v. City of Riviera Beach*, 304 F. 3d 1144, 1155 (11th Cir. 2002); *Pennington v. City of Huntsville*, 261 F. 3d 1262, 1266 (11th Cir. 2001).

**GIVEN**    _____

**COVERED**    _____

**REJECTED**    _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| Defendants. | ) | |

**Requested Jury Instruction 21**

A plaintiff does not carry his burden of establishing a causal connection between the

protected activity and the adverse employment action by asserting mere speculation or

conclusory allegations regarding the reason he believes the adverse employment action was

taken.

*Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *Hollins v. Hoechst
Calanese Corp.*, 1991 WL 355020, *3, 58 Fair Emp. Prac. 1665, 1668 (S.D.Ala. 1991); *Barrett
v. Florida P&L Co.*, 1987 WL 16438, 42 Fair Emp. Prac. 1816, 1817 (S.D. Fla. 1987).

**GIVEN**      _____

**COVERED**      _____

**REJECTED**      _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY CABBIL,                                )
                                            )
    Plaintiff,                          )
                                            )
v.                                          )     No. 2:05-cv-00513-MHT
                                            )
ALABAMA DEPARTMENT OF                       )
TRANSPORTATION, and JOE MCINNES,  )
                                            )
    Defendants.                         )

**Requested Jury Instruction 22**

Even if a plaintiff carries the burden of proving his *prima facie* case, the employer may

rebut the *prima facie* case by articulating a legitimate, non-discriminatory reason for its actions.

Once the defendant articulates such a reason, the plaintiff has the burden to prove by a

preponderance of the evidence that the reason stated by the employer is pretext and that the real

reason is retaliation.

*Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254-55, 101 S. Ct. 1089, 1094 (1981); *Morgan v. City of Jasper*, 959 F.2d 1542, 1547-48 (11th Cir. 1992); *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1495 (11th Cir. 1989).


**GIVEN**     _____

**COVERED**     _____

**REJECTED**     _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
|     Defendants. | ) | |

**Requested Jury Instruction 23**

If you decide that the employment actions taken by the employer relevant to the plaintiff were taken for legitimate, non-discriminatory reasons unrelated to the protected activity, then you must find for the employer.

*Morgan v. City of Jasper*, 959 F.2d 1542, 1548 (11th Cir. 1992); *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1495 (11th Cir. 1989).

**GIVEN**    _____

**COVERED**    _____

**REJECTED**    _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
|     **Defendants.** | ) |

**Requested Jury Instruction 24**

The plaintiff bears the burden to prove by a preponderance of the evidence that his

activities protected under Title VII were a significant factor in defendants' employment

decisions.  If the plaintiff fails to meet this burden, you must find for the employer.

*Bigge v. Albertson's, Inc.*, 894 F.2d 1497, 1501-02 (11th Cir. 1990); *Whiting v. Jackson State
Univ.*, 616 F.2d 116, 122 (5th Cir. 1980); *Lincoln v. Board of Regents*, 697 F.2d 928, 938 (11th
Cir.), *cert. denied*, 464 U.S. 826, 104 S. Ct. 97 (1983).


**GIVEN**     _____

**COVERED**   _____

**REJECTED**   _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 25**

Neither Title VII nor Section 1981 immunizes insubordinate, disruptive, or non-productive behavior at work. Therefore, if you find that the employment actions were taken by the defendant regarding a plaintiff were due to that plaintiff's violation of defendant rules, insubordination, or unsatisfactory performance, and not as a result of his race or protected activity, you must find for the defendants.

*Morgan v. City of Jasper*, 959 F.2d 1542, 1550 (11th Cir. 1992); *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1495 (11th Cir. 1989); *Smith v. Texas Dept. of Water Resources*, 818 F.2d 363, 366 (5th Cir. 1987), *cert. denied*, 484 U.S. 1059, 108 S. Ct. 1012 (1988); *Locastro v. East Syracuse-Minoa Cent. School Dist.*, 830 F. Supp. 133, 139 (N.D.N.Y. 1993); *EEOC v. Shoney's*, 536 F. Supp. 875, 879 (N.D. Ala. 1982).


**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 26**

Plaintiff at all times bears the ultimate burden of proving by a preponderance of the evidence that the defendants intentionally discriminated against him because of his race or protected conduct.

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 2752, 125 L. Ed. 2d 407 (1993); *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 717, 103 S. Ct. 1478, 1483, 75 L. Ed. 2d 403 (1983); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1095 (1981); *Chapman v. AI Transport*, 229 F.3d 1012, 1025 n.11 (11th Cir. 2000); *Smith v. Papp Clinic, P.A.*, 808 F.2d 1449, 1452 (11th Cir. 1987); *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1494 (11th Cir. 1989).

**GIVEN**        _____

**COVERED**    _____

**REJECTED**   _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
| **Defendants.** | ) |

**Requested Jury Instruction 27**

Even if you find that the plaintiff's race played a role in the defendants' employment decisions, the defendants cannot be held liable if they show that the same decision(s) would have been made even in the absence of the impermissible criterion. Thus, if you find that the defendants would have taken the same adverse action against the plaintiff without any consideration of his race or protected conduct, then the defendants cannot be held liable.

*Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir. 2001); *Pulliam v. Tallapoosa County Jail*, 185 F.3d 1182, 1184 (11th Cir. 1999).

**GIVEN**      _____

**COVERED**     _____

**REJECTED**    _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 28**

The plaintiff claims that he was subjected to racial harassment by his co-workers in violation of Title VII or Section 1981. The defendant employer is responsible or liable for the actions of a plaintiff's fellow employees in a claim of racial harassment if plaintiff proves all of the following elements by a preponderance of the evidence:

(1)    plaintiff belongs to a protected class;

(2)    plaintiff was subject to unwelcome racial harassment;

(3)    the harassment was based on his race;

(4)    the harassment was sufficiently severe and pervasive to alter the terms and conditions of his employment and create a discriminatorily abusive work environment; and

(5)    the employer knew or should have known of the harassment and failed to take prompt, appropriate corrective action.

*Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999); *Coates v. Sundor Brands, Inc.*, 164 F.3d 1361, 1363-64 (11th Cir. 1999); *Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F.2d 900, 903-04 (11th Cir. 1988); *Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir. 1982); *Bivins v. Jeffers Vet Supply*, 873 F. Supp. 1500, 1508 (M.D. Ala. 1994), *aff'd*, 58 F.2d 440 (11th Cir. 1995). *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399 (1986).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 29**

In order to establish that the harassment complained of was based upon race, the plaintiff must show that, but for the fact that he was black, he would not have been the object of alleged harassment. If you find that the plaintiff would have been subject to the alleged harassment regardless of his race, you must return a verdict for the defendants on the racial harassment claim.

The plaintiff must prove by a preponderance of the evidence that race was a substantial factor in the claimed harassment and that, if the plaintiff had been white, he would not have been subjected to the allegedly harassing conduct complained of in this case.

*Henson v. City of Dundee*, 682 F.2d 897, 903-04 (11th Cir. 1982); *Bivins v. Jeffers Vet Supply*, 873 F.Supp. 1500, 1507 (M.D. Ala. 1994), *aff'd.*, 58 F.2d 440 (11th Cir. 1995); *Weinsheimer v. Rockwell Int'l Corp.*, 754 F. Supp. 1559, 1564-65 (M.D. Fla. 1990), *aff'd.*, 949 F.2d 1162 (11th Cir. 1991).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 30**

Workplace harassment is not automatically discrimination because of race merely because the words used have racial content or connotations. The plaintiff must prove that the conduct at issue was not merely tinged with offensive racial connotations but actually constituted discrimination because of race.

*Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118 S. Ct. 998, 1002 (1998).

**GIVEN**    _____

**COVERED**    _____

**REJECTED**    _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 31**

In order to carry his burden of proving by a preponderance of the evidence that the alleged harassment affected a term, condition, or privilege of his employment, the plaintiff must establish two things. First, he must establish that the alleged racial harassment was sufficiently severe or pervasive as to create a work environment that a reasonable person would find hostile or abusive. Second, he must also establish that he himself perceived the work environment to be hostile or abusive.

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S. Ct. 998, 1003, 140 L. Ed. 201 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 32**

In determining whether or not a plaintiff has met his burden of demonstrating that the harassment complained of was so severe and pervasive that it altered the conditions of his employment and created an abusive or hostile work environment, you should consider the nature and severity of the acts or words constituting the alleged harassment; the total number of incidents of alleged harassment; the frequency of the allegedly harassing acts; the total period of time over which the alleged incidents occurred; the circumstances in which the alleged incidents occurred; whether it unreasonably interferes with the plaintiff's performance at work; and whether the conduct complained of is physically threatening or humiliating, or is merely an offensive utterance.

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 371, 126 L. Ed. 2d 295 (1993); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995); *Vance v. Southern Bell Telephone & Telegraph Co.*, 863 F.2d 1503, 1511 (11th Cir. 1989) *cert. denied*, 513 U.S. 1155; Bivins v. Jeffers Vet Supply, 873 F.Supp. 1500, 1508 (M.D. Ala. 1994), *aff'd.*, 58 F.2d 440 (11th Cir. 1995).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 33**

In determining whether or not a plaintiff has met his burden of demonstrating that the

harassment complained of was so severe and pervasive that it altered the terms and conditions of

his employment and created an abusive work environment, you should consider that the mere

utterance of a racial slur which engenders offensive feelings does not meet this burden.

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367, 370-71, 114 L. Ed. 2d 295 (1993);
*Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir. 1995); *E.E.O.C. v.
Beverage Canners, Inc.*, 897 F.2d 1067, 1068 (11th Cir. 1990); *Bivins v. Jeffers Vet Supply*, 873
F. Supp. 1500, 1508 (M.D. Ala. 1994), aff'd, 58 F.2d 440 (11th Cir. 1995).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 34**

The plaintiff does not satisfy his burden of demonstrating that the alleged harassment was sufficiently severe or pervasive to affect a term, condition, or privilege of his employment by demonstrating that he was subjected to isolated acts or occasional episodes of alleged racial harassment or alleged acts that were merely trivial. Rather, in order to satisfy this requirement, the plaintiff must show that he was subjected to repeated and continuous acts of alleged racial harassment that involved incidents, comments or conduct that occurred with some frequency.

*Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir. 1995); *Johnson v. Bunny Bread Co.*, 646 F.2d 1250, 1257 (8th Cir. 1981); *Bivins v. Jeffers Vet Supply*, 873 F. Supp. 1500, 1507 (M.D. Ala. 1994), *aff'd*, 58 F.2d 440 (11th Cir. 1995).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 35**

Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment–which is an environment that a reasonable person would find hostile or abusive–is not a violation of Title VII or Section 1981. Likewise, if the plaintiff does not subjectively, in his own mind, perceive the environment to be abusive, the conduct has not actually altered the conditions of the plaintiff's employment, and there is no Title VII or Section 1981 violation.

*Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S. Ct. 998, 1003 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S. Ct. 367, 370 (1993); *Fleming v. Boeing Co.*, 120 F.3d 242, 245 (11th Cir. 1997).


**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 36**

If you determine that the plaintiff did not subjectively, in her own mind, perceive his work environment to be hostile or abusive, you must find that the alleged acts of racial harassment did not alter a term, condition, or privilege of the plaintiff's employment. Additionally, in making this determination, you should consider that a plaintiff may only rely on evidence relating to discrimination that he was aware of during the time that he was allegedly subjected to a hostile work environment. A plaintiff cannot subjectively perceive behavior towards others as creating a hostile work environment unless he knew about the behavior.

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993); *Mems v. City of St. Paul*, 327 F.3d 771, 781-82 (8th Cir. 2003); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir. 1995); *Bivins v. Jeffers Vet Supply*, 873 F. Supp. 1500, 1508 (M.D. Ala. 1994), *aff'd*, 58 F.2d 440 (11th Cir. 1995).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY CABBIL,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )     No. 2:05-cv-00513-MHT
                                      )
ALABAMA DEPARTMENT OF                 )
TRANSPORTATION, and JOE MCINNES,      )
                                      )
        Defendants.                   )

**Requested Jury Instruction 37**

Title VII and Section 1981 do not create a cause of action for unpleasant working conditions caused by something other than a protected status such as race. General harassment, such as general torment and taunting, that is not based upon race does not violate Title VII or Section 1981. The fact that a co-worker does not like an employee, or that the employee does not like his co-worker, does not constitute a racially hostile environment.

*Bolden v. PRC, Inc.*, 43 F.3d 545 (10th Cir. 1994); *Walker v. NationsBank*, 53 F.3d 1548, 1558 (11th Cir. 1995); *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1986); *Nesmith v. Martin Marietta Aerospace*, 676 F. Supp. 1183, 1190 (M.D.Fla. 1987), *aff'd*, 833 F.2d 1489 (11th Cir. 1987); *Arzate v. City of Topeka*, 884 F. Supp. 1494, 1503 (D. Kan. 1995).

**GIVEN**        _____

**COVERED**      _____

**REJECTED**     _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 38**

In determining whether a reasonable person in the plaintiff's circumstances would find his work environment to be hostile or abusive, the relevant factors to consider include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; whether it unreasonably interferes with an employee's work performance; the physical proximity of the harasser; and the presence or absence of other people.

Simple teasing, offhand comments, and isolated incidents (unless extremely serious), however, will not amount to discriminatory changes in the terms and conditions of employment. For example, the mere utterance of an ethnic or racial epithet which engenders offensive feelings in a plaintiff may not sufficiently alter the terms and conditions of employment. Discourtesy and rudeness should not be confused with racial harassment and a lack of racial sensitivity, does not, alone, amount to actionable harassment. The law governing racial discrimination does not create a claim for all unpleasant or abusive behavior in the workplace; it is not a general civility code and does not apply to the normal tribulations of the workplace, such as the sporadic use of

abusive language, race-related jokes and occasional teasing. The conduct must be extreme to amount to a change in the terms and conditions of employment.

*Mems v. City of St. Paul*, 327 F.3d 771, 781-82 (8th Cir. 2003); *see Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S. Ct. 998, 1003 (1998).

**GIVEN**        _____

**COVERED**    _____

**REJECTED**    _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 39**

Even if you find that the conduct alleged by the plaintiff constituted racial harassment,
the defendant is not necessarily liable for all acts of alleged harassment by its employees. The
defendant is not liable for alleged harassment by a co-worker unless it knew or should have
known of alleged harassment and failed to take prompt and appropriate remedial action.

*Coates v. Sundor Brands, Inc.*, 164 F.3d 1361, 1363-64 (11th Cir. 1999); *Fleming v. Boeing Co.*,
120 F.3d 242, 246 (11th Cir. 1997); *Kilgore v. Thompson & Brock Management, Inc.*, 93 F.3d
752, 753-54 (11th Cir. 1996); *Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F.2d 900, 904
(11th Cir. 1988); *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982); *Bivins v. Jeffers
Vet Supply*, 873 F. Supp. 1500, 1508 (M.D. Ala. 1994), aff'd, 58 F.2d 440 (11th Cir. 1995).

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY CABBIL,                              )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )    No. 2:05-cv-00513-MHT
                                          )
ALABAMA DEPARTMENT OF                     )
TRANSPORTATION, and JOE MCINNES,          )
                                          )
    Defendants.                       )

**Requested Jury Instruction 40**

In order to establish that the defendant knew or should have known of the alleged harassment, the plaintiff must prove by a preponderance of the evidence that he complained to upper management about the harassment, or that the alleged harassment was so pervasive that higher management should have been aware of it.

*Kilgore v. Thompson & Brock Management, Inc.*, 93 F.3d 752, 753-54 (11th Cir. 1996); *Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F.2d 900, 904 (11th Cir. 1988); *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982).

**GIVEN**    _____

**COVERED**    _____

**REJECTED**    _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
| **Defendants.** | ) |

**Requested Jury Instruction 40**

Even if you find that the alleged conduct of plaintiff's co-worker constituted racial harassment, the defendant is not liable for the co-worker's conduct if, when it learned of the plaintiff's complaint, it took prompt remedial action. Therefore, if you determine that the defendant took prompt remedial action in response to the plaintiff's allegations regarding alleged acts of racial harassment, you must find in favor of the defendant as to plaintiff's claim for racial harassment.

*Gary v. Long*, 59 F.3d 1391, 1397-99 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1011 (1995); *Spicer v. Commonwealth of Virginia*, 66 F.3d 705, 710-11 (4th Cir. 1995); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Nash v. Electrospace Sys. Inc.*, 9 F.3d 401, 404 (5th Cir. 1993); *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1316-17 (11th Cir. 1989); *Sparks v. Regional Medical Center Bd.*, 792 F. Supp. 735, 747 (N.D. Ala. 1992).

**GIVEN**    _____

**COVERED**   _____

**REJECTED**  _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 2:05-cv-00513-MHT |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, and JOE MCINNES, | ) |
| | ) |
|     Defendants. | ) |

**Requested Jury Instruction 41**

Proof that an employee failed to use the complaint procedure provided by the employer will normally suffice to satisfy the employer's burden to show that plaintiff failed to exercise reasonable care to avoid harm.

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 2270 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275, 2293 (1998).

**GIVEN**    _____

**COVERED**    _____

**REJECTED**    _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY CABBIL,                        )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    No. 2:05-cv-00513-MHT
                                    )
ALABAMA DEPARTMENT OF               )
TRANSPORTATION, and JOE MCINNES,    )
                                    )
        Defendants.                 )

**Requested Jury Instruction 42**

I will now give you instructions regarding damages that you may award in the event that you find for a plaintiff on his Title VII or Section 1981 claim. The fact that I do so does not mean that I think you should award any damages–that is entirely for you to decide.

**GIVEN**        _____

**COVERED**      _____

**REJECTED**     _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00513-MHT |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, and JOE MCINNES, | ) | |
| | ) | |
|     Defendants. | ) | |

**Requested Jury Instruction 43**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of a plaintiff from a preponderance of the evidence in the case in accordance with my other instructions.

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY CABBIL,                        )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    No. 2:05-cv-00513-MHT
                                    )
ALABAMA DEPARTMENT OF               )
TRANSPORTATION, and JOE MCINNES,    )
                                    )
        Defendants.                 )

**Requested Jury Instruction 44**

In order to recover compensatory damages, the plaintiff must demonstrate that he suffered an actual loss due to a discriminatory act or conduct and that such loss was incurred as a result of the defendant's alleged discriminatory conduct.

*Cary v. Piphus*, 435 U.S. 247, 254, 98 S. Ct. 1042, 55 L.Ed. 2d 252 (1978); *Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990); *Rogers v. Kelly*, 866 F.2d 997, 999 (8th Cir. 1989); *Edwards v. Jewish Hosp.*, 855 F.2d 1345, 1352-53 (8th Cir. 1988).

**GIVEN**        _____

**COVERED**      _____

**REJECTED**     _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TONY CABBIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **No. 2:05-cv-00513-MHT** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, and JOE MCINNES,** | ) |
| | ) |
| **Defendants.** | ) |

**Requested Jury Instruction 45**

You are instructed that a plaintiff is not entitled to recover any damages merely because he has commenced an action against the defendants, and no liability on the part of the defendants may be inferred simply because this lawsuit was brought.

**GIVEN** _____

**COVERED** _____

**REJECTED** _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 46**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages–that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the plaintiff's damages by the amount that could have been reasonably realized if the plaintiff had taken advantage of such opportunity.

*Eleventh Circuit Pattern Jury Instructions*, § 1.1 (2000 supp.) (modified).

**GIVEN**      _____

**COVERED**      _____

**REJECTED**      _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY CABBIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:05-cv-00513-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, and JOE MCINNES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Requested Jury Instruction 47**

The plaintiff has a duty to mitigate the damages he claims he suffered because of his termination by taking reasonable steps to seek substantially equivalent employment. If you find that he failed in this duty, you may not award him damages resulting from his termination that may have been eliminated with reasonable efforts to seek substantially equivalent employment.

*Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32, 102 S. Ct. 3057, 3065-66 (1982); *United States v. City Of Warren*, 138 F.3d 1083, 1098 (6th Cir. 1998).


**GIVEN** _____

**COVERED** _____

**REJECTED** _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY CABBIL,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    No. 2:05-cv-00513-MHT
                                      )
ALABAMA DEPARTMENT OF                 )
TRANSPORTATION, and JOE MCINNES,      )
                                      )
        Defendants.                   )

**Requested Jury Instruction 48**

Damages must not be based on speculation or sympathy.

*Cary v. Piphus*, 435 U.S. 247, 260-63 (1978); *Gilmere v. City of Atlanta*, 864 F.2d 734, 739(11th Cir. 1989), *cert. denied*, 493 U.S. 817 (1989); *Rogers v. Kelly*, 866 F.2d 997, 1000 (8th Cir. 1989); *Gunby v. Pennsylvania Electric Co.*, 840 F.2d 1108, 1121 (3rd Cir. 1988), *cert. denied*, 492 U.S. 905 (1989).

**GIVEN**        _____

**COVERED**      _____

**REJECTED**     _____