IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **2:05-cv-513-T** |
| | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF TRANSPORTATION and JOE | ) | |
| MCINNES, in his official capacity as | ) | |
| Director of the State of | ) | |
| Alabama Department of | ) | |
| Transportation; | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
## AND PROPOSED SPECIAL INTERROGATORIES

### I.     INTRODUCTION

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. Also, you are not to single out one instruction alone as stating the law but must consider these instructions as a whole.

You must also not let your decision be influenced in any way by either sympathy for or prejudice against anyone. Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice or bias or sympathy, follow the law as stated by the court, and render a just verdict regardless of the consequences. Our system of law does

not permit jurors to be governed by bias, prejudice, or sympathy, or by public opinion.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits -- that I have admitted in the record.   However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.   "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case.  The function of the lawyers is to point to those things most significant or most helpful to their side of the case.   It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything that I may have said or any question I may have asked that I have any opinion concerning any of the issues before you in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.   You should decide whether you believe what each witness had to say, and how important that testimony was.   In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling.  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself

2

a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?   Did the witness have the opportunity and ability to observe accurately the things he or she testified about?   Did the witness appear to understand the questions clearly and answer them directly?   Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Proposed Jury Instruction No. 1**

Now, this is a civil case, not a criminal case.  Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt."   This is not the burden of proof in this case because, as I said, this is a civil case.

AUTHORITY:


Granted: _____


Refused: _____

**Proposed Jury Instruction No. 2**

In this case, it is the responsibility of the party having the burden of proof to satisfy that

burden by a "preponderance of the evidence," where the court indicates that is the burden of proof.

Throughout these instructions the court will indicate what must be proved by a preponderance of

evidence.

AUTHORITY:


Granted: _____


Refused: _____

**Proposed Jury Instruction No. 3**

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that what is sought to be proved is more likely true than not true.

AUTHORITY:


Granted: _____


Refused: _____

**Proposed Jury Instruction No. 4**

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the court indicates that what is to be proved must be proved by preponderance of evidence and the proof fails to establish any essential part of what is sought to be proved by a preponderance of the evidence, then you should find against the party having the burden of proof.

AUTHORITY:


Granted: _____


Refused: _____

**Proposed Jury Instruction No. 5**

**DISCUSSION OF CLAIMS.**

The plaintiff in this lawsuit is Tony Cabbil. He is the one who has brought this lawsuit.

The defendants in this case are the Alabama Department of Transportation and Joe McInnes in his

official capacity as the director of the Alabama Department of Transportation. Mr. Cabbil is

claiming that he retaliated against for filing a complaint of racial discrimination. Mr. Cabbil claims

that his termination was in retaliation for his complaint of discrimination. Mr. Cabbil also claims

that similarly situated white employees were not fired and that his firing was due to his race. Mr.

Cabbil has sued the defendants under Title VII of the Civil Rights Act of 1964, as amended, and

under 42 U.S.C. section 1981 and Section 1983.

AUTHORITIES: 42 U.S.C.A. Section 2000e-2; 42 U.S.C. section 1981 and 1983.

Granted: _____

Refused: _____

8

**Proposed Jury Instruction No. 6**

**RACE DISCRIMINATION CLAIM**

The plaintiff has introduced evidence which he claims proves that the defendant discriminated against him because of his race, African American.  The plaintiff will have fulfilled his initial burden if this evidence proves by a preponderance of the evidence that each of the following three statements are true:

1. That he was a member of the class protected by the Act.  In other words, that he was African American.

2. That the defendant took action which adversely affected the plaintiff's employment situation.

3. That, in taking this action, the defendant intended to discriminate against the plaintiff because of his race.

If, after considering all of the evidence regarding the plaintiff's termination from his employment, if you believe that the plaintiff's race was a motivating factor in the defendant's decision to terminate him, then you would rule in his favor on this claim.  In determining whether race was a motivating factor, you must remember that he does not have to prove that the impermissible factor was the only factor that the defendant considered; other factors may also have motivated the defendant's decision.  Mr. Cabbil must only prove that his race was a motivating factor, not the only factor.

AUTHORITY: Model Jury Instructions:

Granted: _____

Refused: _____

9

**Proposed Jury Instruction No. 7**

**RETALIATION CLAIMS**

Whether you decide that plaintiff's termination was racially motivated or not, you must also rule on his retaliation claim. The plaintiff claims the defendants retaliated, that is, took revenge against the plaintiff because he filed a grievance claiming racial discrimination.

You are instructed that those laws prohibiting race discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish a claim of unlawful retaliation, therefore, the plaintiff must prove by a preponderance of the evidence:

1.     That he engaged in statutorily protected activity, that is, that he in good faith asserted claims or complaints of racial harassment prohibited by federal law;

2.     That an adverse employment action occurred;

3.     That the adverse employment action was causally related to the plaintiff's statutorily protected activities; and

4.     That the plaintiff suffered damages as a proximate or legal result of such adverse employment action.

To satisfy the causal link requirement, the plaintiff merely has to establish that the protected activity and the negative employment action are not completely unrelated. In showing the existence of a causal link at a minimum, the plaintiff must generally establish through circumstantial evidence that the employer was actually aware of the protected expression at the time it took the adverse employment action.

If you believe there is a causal link between the plaintiff's complaints of racial harassment and the adverse actions that the plaintiff is claiming the defendants took against him, then you should find in favor of the plaintiff and against the defendants on these claims. If you find that the plaintiff has proven that the protected activity and the negative employment action are not completely unrelated, you should find for the plaintiff.

One thing you may consider in determining if Mr. Cabbil's complaint of discrimination caused his termination is the closeness in time between his complaint and the defendants' actions. Closeness in time between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated.

Keep in mind that Mr. Cabbil's race and retaliation claims regarding his termination are separate. He may have been terminated for both race and retaliation, or, he may have been terminated for just one of those reasons. You are to decide each separately based upon the evidence.

AUTHORITY: *Cf.* Eleventh Circuit Jury Pattern Jury Instructions (Civil) no. 1.9.3, pp. 188-189; *Meeks v. Computer Associates Intern*, 15 F.2d 1013 (11th Cir. 1994); *Goldsmith v. City of Atmore*,

11

996 F.2d 1155, 1163 (11th Cir. 1993); *Hairston v. Gainesville Sun Publishing Company*, 9 F.2d 913, 920 (11th Cir. 1993); *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997); *Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir.2004); *Bass v. Bd. of County Comm'rs,* 256 F.3d 1095, 1119 (11th Cir.2001).

Granted: _____

Refused: _____

**Proposed Jury Instruction No. 8**

The plaintiff may prove that the defendants' actions were motivated by retaliation by presenting what is called indirect evidence to that effect. Indirect evidence is evidence (historical, statistical, comparative, or individual) which, though it does not speak directly to the issue sought to be proved, provides the basis for an inference with regard to that issue. The plaintiff may use such evidence in attempting to prove to you that the defendant was motivated by retaliation.

AUTHORITIES:


Granted:_____


Refused:_____

**Proposed Jury Instruction No. 9**

**DAMAGES.**

I instruct you that the purpose of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, is to make persons whole for injuries suffered as a result of unlawful employment discrimination and harassment. The Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 contains remedies which include awarding to the plaintiff compensatory damages for the humiliation, wounded pride, shame, dispair, mental anguish, inconvenience, loss of enjoyment of life and other nonmonetary losses caused by the harassment or retaliation. It is for you the jury to decide whether to award compensatory damages and, if so, what amount. Therefore, if you decide that the plaintiff has proven his claims, then part of your remedies would be to award him compensatory damages if you see fit to do so.

If you return a verdict for the plaintiff on any of his claims, you must then decide the issue of general compensatory damages.

Compensatory or actual damages are allowed and should be awarded where a party satisfies the jury by a preponderance of the evidence that the party has been injured or damaged by the wrongful act or acts of the party charged. The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury actually sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate him for the injury and other damages that have been inflicted as a result of or were caused by the wrong complained of.

AUTHORITY: 42 U.S.C. §1981a.

Granted: _____

Refused: _____

**Proposed Jury Instruction No. 10**

Mental and Emotional Damages.   The law has no fixed monetary standard to compensate for emotional distress.   This element of damages is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such emotional distress as you find from the evidence he did suffer.   If you are satisfied by a preponderance of the evidence that the plaintiff sustained mental and emotional damages as a result of the wrongs in question, you should award a sum which will reasonably and fairly compensate him for such emotional distress already suffered and for any emotional distress that you are satisfied by a preponderance of the evidence that he is reasonably certain to suffer in the future.

AUTHORITY: 42 U.S.C. § 1981a(b)(1)(1991).  Ayers v. Wal-Mart Stores, Inc., 941 F. Supp. 1163, 1169 (M.D.Fla.1996).

Granted:  _____

Refused:  _____

**Proposed Jury Instruction No. 11**

If a party fails to call a person who possesses knowledge about the facts in issue and who is reasonably available to it and who is not equally available to the other party, then you may infer that the testimony of that witness is unfavorable to the party who could have called that witness and did not do so.

AUTHORITY: *Jones v. Otis Elevator Co.,* 861 F.2d 655, 659 (11th Cir. 1988)


Granted: _____


Refused: _____

**Proposed Jury Instruction No. 12**

**FINAL INSTRUCTIONS.**

Of course, the fact that I have given you instructions concerning the issues of the plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail upon her claims against the defendant.   Any verdict you reach in the jury room must be unanimous.    In other words, to return a verdict you must all agree.    Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.   While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.   Your only interest is to seek the truth from the evidence in the case.   When you go to the jury room you should first select one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

Verdict forms have been prepared for your convenience.  You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill

in the verdict forms, date and sign them, and then you will return to the courtroom.


Granted: _____

Refused: _____

## <u>PLAINTIFF'S PROPOSED SPECIAL INTERROGATORIES TO THE JURY</u>

1.  Do you find by a preponderance of the evidence that Plaintiff was terminated from his employment either because of his race or in retaliation for complaining about discrimination in the work place?

_____ YES
_____ NO

2.  If you answer "NO" to question number 1 sign as foreman and do not answer any more questions.

3.  If you answer "YES" to question number 1 what amount of compensatory damages has Plaintiff suffered as a result of his unlawful termination?

$_____

4.  If you answer "YES" to question number 1 what amount of backpay has the Plaintiff suffered as a result of his unlawful termination?

$ _____


                                        Respectfully submitted,


                                        s/ Russell W. Adams
                                        Russell W. Adams
                                        Counsel for Plaintiff
                                        Alabama State Bar No. 3760-A62R

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jim R. Ippolito
Andrew Redd
Robert Prescott
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

s/ Russell W. Adams
Counsel for Plaintiff