IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   CIVIL ACTION NUMBER: |
| | )   2:05-cv-513-T |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF TRANSPORTATION and JOE | ) |
| MCINNES, in his official capacity as | ) |
| Director of the State of | ) |
| Alabama Department of | ) |
| Transportation; | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S MOTION IN LIMINE**

**COMES NOW** the plaintiff in the above-styled cause, who moves *in limine* to preclude any testimony concerning or any reference by counsel to the topics set forth below. Plaintiffs also move *in limine* to exclude any exhibits or portions of exhibits relating to these topics.

    1.    **Irrelevant Prior Convictions :** Evidence concerning three prior convictions of the plaintiff for D.U.I. (1987), possession of a marijuana (1987), and D.U.I. (1993) of the plaintiff would result in undue and unfair prejudice to the plaintiff which would substantially outweigh any possible probative value it may have and would serve only to confuse the issues of the case at bar, waste time, and mislead the jury. See Fed.R.Evid. 403. Additionally, such evidence is inadmissible character evidence under Fed.R.Evid. 404. Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in

       order to show action in conformity therewith." Similarly, under Fed.R.Evid. 404(a), other forms of circumstantial "evidence of a person's character or a trait of character" is not admissible for the same purpose. Such evidence is also inadmissible pursuant to Fed.R.Evid 609(a) as none of the instances is a "qualifying" conviction under the Rule, and under 609(b) as each conviction occurred over ten (10) years ago and, to date, the defendants have failed to comply with the express terms of Rule 609(b) and have not given the plaintiff "sufficient advance written notice of intent to use such evidence." This objection also includes but is not limited to Defendants' Exhibits 2 and 3.

2. **Prior Employment:** Evidence concerning Mr. Cabbil's prior employment history and is not relevant to any claims or defenses in this action as it does not pertain to the term of employment from which the present claims have arisen, and the issue of the plaintiff's employment by the defendants is not one in dispute. This testimony is wholly irrelevant and immaterial to the plaintiff's claims that he was unlawfully discriminated against and retaliated against by the defendants with regard to his termination, and to the defendants' defenses asserted in response thereto. See Fed.R.Evid. 401 and 402. Mr. Cabbil has made no claims which in any way relate to his prior employment history as his qualifications are not in dispute. There are no allegations that while employed at any other establishment that the plaintiff was subjected to acts of racial harassment, racial discrimination or retaliation similar to those which he was subjected to while employed with the defendants. Any evidence regarding the plaintiff's employment records and/or separations from previous employment is not relevant to the issues in this case – namely whether or not the

        plaintiff was subjected to racial harassment/ discrimination and/or retaliation by the defendants. Such evidence regarding the plaintiff's employment history would not tend to make more or less probable any fact at issue in this case. Thus, such evidence has no probative value whatsoever as to the legal issues of this suit and are irrelevant and due to be excluded under Rule 402 of the Fed.R.Evid. Additionally, some jurors may view the plaintiff's employment and termination history in a prejudicial light to the plaintiff which would substantially outweigh any possible probative value it may have and would serve only to confuse the issues of the case at bar, waste time, and mislead the jury. See Fed.R.Evid. 403. Additionally, such evidence is inadmissible character evidence under Fed.R.Evid. 404. Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, <u>or acts</u> is not admissible to prove the character of a person in order to show action in conformity therewith." (Emphasis added). Similarly, under Fed.R.Evid. 404(a), other forms of circumstantial "evidence of a person's character or a trait of character" is not admissible for the same purpose. This objection also includes but is not limited to Defendants' Exhibits 2 and 3.

3. **Absences :** Evidence concerning Mr. Cabbil's absences from work. These alleged absences occured during a period of time where Mr. Cabbil received a "meets standards" ratings and his attendance was marked as "compliance." Moreover, Dee Rowe's, the Division Engineer testified that neither the referral to EAP for absenteeism nor the warning for absenteeism on December 8, 2003 were reasons for Mr. Cabbil's termination, despite their appearance on the final termination letter (Rowe depo. at 42, 45-46) and Mr. Rager's, the district engineer who first recommended Mr. Cabbil's termination, testified that he did not feel that the warning

letter regarding absences were significant enough to warrant terminating Mr. Cabbil "according to our policies and procedures." Rager depo. at 46:13-18. As addressed in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the only basis for the March 4, 2004, recommendation of the plaintiff's termination at the time this employment decision was made was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21). Accordingly, evidence regarding any subsequently proffered reasons for the plaintiff's termination and documentation related thereto is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and such evidence would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403. Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter.

4. **Other Alleged Problems:** Evidence relating to other alleged deficiencies or problems with Mr. Cabbil's work other than the alleged problems relating to the inspection of the Hugh Thomas Bride should be excluded *in limine*. As addressed

in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the only basis for the March 4, 2004, recommendation of the plaintiff's termination at the time this employment decision was made was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21). Accordingly, evidence regarding any subsequently proffered reasons for the plaintiff's termination and documentation related thereto is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and such evidence would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403. Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter. After the recommendation for termination was made, Nicky Calhoun began to "compile everything we had" to build up a record to terminate Mr. Cabbil. Calhoun depo. at 56:9-14. Calhoun testified that he made requests for documentation to Rager, Donna Elliott, and Gary Elliott. Calhoun depo. at 61:2-6. He asked them for "whatever they could come up with to support the termination of Mr. Cabbil." Calhoun depo. at 61:14-16. All

persons who recommended Mr. Cabbil's termination admit that these other problems are not sufficient to warrant termination. Indeed, the only one of these other problems for which Mr. Cabbil even received a written reprimand was for leaving the job site on December 19, 2003. Mr. Calhoun testified that the written reprimand regarding leaving the job was not significant enough to warrant terminating Mr. Cabbil "according to our policies and procedures." Rager depo. at 46:13-18.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff moves *in limine* to exclude any testimony concerning or any reference by counsel to the topics set forth below. Plaintiffs also move *in limine* to exclude any exhibits or portions of exhibits relating to these topics.

Respectfully submitted,

s/ Russell W. Adams
Russell W. Adams
Counsel for Plaintiff
Alabama State Bar No. 3760-A62R

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 25th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jim R. Ippolito
Andrew Redd
Robert Prescott
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

                s/ Russell W. Adams
                Counsel for Plaintiff