IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **2:05-cv-513-T** |
| | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF TRANSPORTATION and JOE | ) | |
| MCINNES, in his official capacity as | ) | |
| Director of the State of | ) | |
| Alabama Department of | ) | |
| Transportation; | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST

**COMES NOW** the plaintiff in the above-styled cause, and submits the following objections

to the Defendants' Exhibit List:

1.    EEOC complaint of Tony Cabbil dated 6/3/2004 (Def. Ex. No. 1).

**OBJECTION:** The plaintiff objects to this Exhibit to the extent it may be misidentified
or was otherwise never produced, disclosed, or otherwise made known to the plaintiff during
the discovery period and litigation of this matter as having any relevance to this action.  See
Fed.R.Civ.P. 26 and 37.  While plaintiff is aware of an EEOC complaint executed on May 19,
2004, and dated received by the EEOC on May 24, 2004, the plaintiff is unaware of any EEOC
complaint dated June 3, 2004, as identified by the defendants and thus objects to same.

2.    Employment application of Tony Cabbil dated 3/26/99 (Def. Ex. No. 2).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of
this exhibit is not relevant to any claims or defenses in this action as it does not even pertain
to the term of employment from which the present claims have arisen, and the issue of the
plaintiff's employment by the defendants is not one in dispute. This exhibit is wholly irrelevant
and immaterial to the plaintiff's claims that he was unlawfully discriminated against and
retaliated against by the defendants with regard to his termination, and to the defendants'
defenses asserted in response thereto.  See Fed.R.Evid. 401 and 402.

Plaintiff further objects that such evidence is being offered solely for the purpose to prejudice the plaintiff as the application contains information regarding three prior convictions of the plaintiff for D.U.I. (1987), possession of a marijuana (1987), and D.U.I. (1993), as well as information the plaintiff's prior employment and termination history by employers other than the defendants. With regard to the history of convictions, such evidence would result in undue and unfair prejudice to the plaintiff which would substantially outweigh any possible probative value it may have and would serve only to confuse the issues of the case at bar, waste time, and mislead the jury. See Fed.R.Evid. 403. Additionally, such evidence is inadmissible character evidence under Fed.R.Evid. 404. Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Similarly, under Fed.R.Evid. 404(a), other forms of circumstantial "evidence of a person's character or a trait of character" is not admissible for the same purpose. Such evidence is also inadmissible pursuant to Fed.R.Evid 609(a) as none of the instances is a "qualifying" conviction under the Rule, and under 609(b) as each conviction occurred over ten (10) years ago and, to date, the defendants have failed to comply with the express terms of Rule 609(b) and have not given the plaintiff "sufficient advance written notice of intent to use such evidence."

With regard to the plaintiff's work history, he has made no claims which in any way relate to his prior employment history. There are no allegations that while employed at any other establishment that the plaintiff was subjected to acts of racial harassment, racial discrimination or retaliation similar to those which he was subjected to while employed with the defendants. Any evidence regarding the plaintiff's employment records and/or separations from previous employment is not relevant to the issues in this case – namely whether or not the plaintiff was subjected to racial harassment/ discrimination and/or retaliation by the defendants. Such evidence regarding the plaintiff's employment history would not tend to make more or less probable any fact at issue in this case. Thus, such evidence has no probative value whatsoever as to the legal issues of this suit and are irrelevant and due to be excluded under Rule 402 of the Fed.R.Evid. Additionally, some jurors may view the plaintiff's employment and termination history in a prejudicial light to the plaintiff which would substantially outweigh any possible probative value it may have and would serve only to confuse the issues of the case at bar, waste time, and mislead the jury. See Fed.R.Evid. 403. Additionally, such evidence is inadmissible character evidence under Fed.R.Evid. 404. Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." (Emphasis added). Similarly, under Fed.R.Evid. 404(a), other forms of circumstantial "evidence of a person's character or a trait of character" is not admissible for the same purpose.

3.     Employment application of Tony Cabbil dated 5/17/2001 (Def. Ex. No. 3).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit is not relevant to any claims or defenses in this action as the issue of the plaintiff's

employment by the defendants is not one in dispute. This exhibit is wholly irrelevant and immaterial to the plaintiff's claims that he was unlawfully discriminated against and retaliated against by the defendants with regard to his termination, and to the defendants' defenses asserted in response thereto. See Fed.R.Evid. 401 and 402.

Plaintiff further objects that such evidence is being offered solely for the purpose to prejudice the plaintiff as the application contains information regarding three prior convictions of the plaintiff for D.U.I. (1987), possession of a marijuana (1987), and D.U.I. (1993), as well as information the plaintiff's prior employment and termination history by employers other than the defendants. With regard to the history of convictions, such evidence would result in undue and unfair prejudice to the plaintiff which would substantially outweigh any possible probative value it may have and would serve only to confuse the issues of the case at bar, waste time, and mislead the jury. See Fed.R.Evid. 403. Additionally, such evidence is inadmissible character evidence under Fed.R.Evid. 404. Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Similarly, under Fed.R.Evid. 404(a), other forms of circumstantial "evidence of a person's character or a trait of character" is not admissible for the same purpose. Such evidence is also inadmissible pursuant to Fed.R.Evid 609(a) as none of the instances is a "qualifying" conviction under the Rule, and under 609(b) as each conviction occurred over ten (10) years ago and, to date, the defendants have failed to comply with the express terms of Rule 609(b) and have not given the plaintiff "sufficient advance written notice of intent to use such evidence."

With regard to the plaintiff's work history, he has made no claims which in any way relate to his prior employment history. There are no allegations that while employed at any other establishment that the plaintiff was subjected to acts of racial harassment, racial discrimination or retaliation similar to those which he was subjected to while employed with the defendants. Any evidence regarding the plaintiff's employment records and/or separations from previous employment is not relevant to the issues in this case – namely whether or not the plaintiff was subjected to racial harassment/ discrimination and/or retaliation by the defendants. Such evidence regarding the plaintiff's employment history would not tend to make more or less probable any fact at issue in this case. Thus, such evidence has no probative value whatsoever as to the legal issues of this suit and are irrelevant and due to be excluded under Rule 402 of the Fed.R.Evid. Additionally, some jurors may view the plaintiff's employment and termination history in a prejudicial light to the plaintiff which would substantially outweigh any possible probative value it may have and would serve only to confuse the issues of the case at bar, waste time, and mislead the jury. See Fed.R.Evid. 403. Additionally, such evidence is inadmissible character evidence under Fed.R.Evid. 404. Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." (Emphasis added). Similarly, under Fed.R.Evid. 404(a), other forms of circumstantial "evidence of a person's character or a trait of character" is not admissible for the same purpose.

3

4.      Attendance/Punctuality policy acknowledgment dated 7/30/01 (Def. Ex. No. 4).

**OBJECTION: The plaintiff objects to this exhibit on the grounds that the content of this exhibit is not relevant or material to the claims in this action regarding the plaintiff's termination. As addressed in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the only basis for the March 4, 2004, recommendation of the plaintiff's termination at the time this employment decision was made was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21). Accordingly, any evidence regarding the plaintiff's attendance and the defendant's policies related thereto is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403. Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter.**

5.      Reynolds Policy acknowledgment dated 7/30/01 (Def. Ex. No. 5).

**No objection.**

6.      Compensatory time agreement dated 7/30/01 (Def. Ex. No 6).

**OBJECTION: The plaintiff objects to this exhibit on the grounds that the content of this exhibit is not relevant or material to the claims in this action regarding the plaintiff's termination. The plaintiff has not asserted any claims under the FLSA or regarding wages, thus any evidence regarding the plaintiff's agreement for compensatory time is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination and would be offered solely to cause undue delay and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the plaintiff's termination. See Fed.R.Evid. 401, 402 and 403.**

7.      Probationary Performance Appraisal by Talbot Essary dated 1/2/02 (Def. Ex. No. 7).

**No objection.**

8.      Performance Appraisal by Donna Elliot dated 11/19/02 (Def. Ex. No. 8).

**No objection.**

9.     Performance Appraisal by Donna Elliot dated 11/18/03 (Def. Ex. No. 9).

**No objection.**

10.    Memorandum from Nicky Calhoun to L. Dee Rowe dated 3/15/04 recommending termination of Tony Cabill with attachments (Def. Ex. No. 10).

**OBJECTION: The plaintiff objects to this exhibit (and to each attachment thereto) on the grounds that the content of this exhibit is not relevant or material to the claims in this action regarding the plaintiff's termination. As addressed in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the <u>only</u> basis for the March 4, 2004, recommendation of the plaintiff's termination at the time this employment decision was made was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21). Accordingly, evidence regarding any subsequently proffered reasons for the plaintiff's termination and documentation related thereto is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and such evidence would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403. Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter. Plaintiffs also object to the authenticity of this exhibit under Fed. R. Evid. 901.**

11.    Chapter 670-X-19 Employee Work Rules, pages 54-55 (Def. Ex. No. 10-a).

**OBJECTION: The plaintiff objects to this exhibit on the grounds that the content of this exhibit is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).**

12.    Letter from Lewis Rager to L. Dee Rowe through Nicky Calhoun dated 3/4/04 (Def. Ex. No. 10-b).

**No objection.**

13.    Structural Deficiency Report from Derek Tilley dated 2/24/04 (Def. Ex. No. 10-c).

**OBJECTION:** **The plaintiff objects to this Exhibit to the extent it may be misidentified or was otherwise never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this action. See Fed.R.Civ.P. 26 and 37. While plaintiff is aware of such a Report dated 2/20/04, the plaintiff is unaware of any such Report dated 2/24/04, as identified by the defendants and thus objects to same.**

14.     Inspector's Daily Report dated 2/20/04 (Def. Ex. No. 10-d).

**No objection.**

15.     Statement of Ken Edwards dated 2/25/04 (Def. Ex. No. 10-e).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of second level of hearsay with regard to the reference made therein to statements allegedly made by Lewis Rager to Ken Edwards. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

16.     Statement of Gary Elliot dated 2/20/04 (Def. Ex. No. 10-f).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by Tony Cabbil and Ken Edwards to Gary Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

17.     Inspector's Daily Reports dated 2/15/04, 2/16/04, 2/20/04, 2/21/04, 2/22/04, 2/23/04, 2/24/04, 2/26/04 and 2/27/04 (Def. Ex. No. 10-g).

**OBJECTION:** **The plaintiff objects to this Exhibit to the extent it may be misidentified or was otherwise never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this action. See Fed.R.Civ.P. 26 and 37. While plaintiff is aware of such Daily Reports for the month of January 2004, the plaintiff is unaware of any such Reports for the month of February 2003, as identified by the defendants and thus objects to same.**

18.     Statement of Anita Box dated 3/15/04 (Def. Ex. No. 10-h).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's alleged use of the women's restroom and his interactions with Ms. Box is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second layer of hearsay with regard to the references made therein to statements allegedly made by Tony Cabbil, Ken Edwards and Gary Elliott to Anita Box. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

19.     Statement of Ken Edwards dated 3/15/04 (Def. Ex. No. 10-i).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's weekend work habits is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

20.     Statement of Gary Elliott dated 3/15/04 (Def. Ex. No. 10-j).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's alleged use of the women's restroom and/or his demeanor to fellow employees is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by Anita Box and Ken Edwards to Gary Elliott. The plaintiff further objects on the grounds of triple hearsay with regard to the references made therein to statements allegedly made by Anita Box and/or Ken Edwards to each other which were then related to Gary Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

21.     Statement of Gary Elliott dated 3/13/04 (Def. Ex. No. 10-k).

**OBJECTION:** **The plaintiff objects to this Exhibit to the extent it may be misidentified or was otherwise never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this action. See Fed.R.Civ.P. 26 and 37. While plaintiff is aware of such a Statement dated 2/13/04, the plaintiff is unaware of any such Statement dated 3/13/04, as identified by the defendants and thus objects to same.**

**The plaintiff also objects to this exhibit, to the extent is is actually the February 13, 2004, statement, on the grounds that the content of this exhibit regarding the plaintiff's work on holidays is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by Ken Edwards and by the plaintiff to Gary Elliott. The plaintiff further objects on the grounds of triple hearsay with regard to the references made therein to statements allegedly made by the plaintiff to Ken Edwards which were then related to Gary Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

22.     Statement of Donna Elliott dated 12/8/03 (Def. Ex. No. 10-l).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's attendance is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by the plaintiff to Donna Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

23.     Statement of Donna Elliott dated 12/2/03 (Def. Ex. No. 10-m).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's DWR work in December 2003 is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

24.     Statement of Donna Elliott dated 11/26/03 (Def. Ex. No. 10-n).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's submission of a leave request in November 2003 is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by Lewis Rager and the plaintiff to Donna Elliott. The plaintiff further objects on the grounds of triple hearsay with regard to the references made therein to statements allegedly made by Mickey Coley to Lewis Rager which were then related to Donna Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

25.     Statement of Donna Elliott dated 11/25/03 (Def. Ex. No. 10-o).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding a request made in November 2003 for the plaintiff to travel to Chilton County is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based**

on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by the plaintiff to Donna Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

26.    Statement of Donna Elliott dated 11/24/03 (Def. Ex. No. 10-p).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's November 24, 2003, request for work is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by the plaintiff to Donna Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

27.    Statement of Donna Elliott dated 11/18/03 (Def. Ex. No. 10-q).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding review of the plaintiff's November 18, 2003, grade sheet is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement which does not, on its face, have any indication as to by whom it was made, made outside of trial, being offered

by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804.  The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by Lewis Rager and the plaintiff to Donna Elliott.  The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

28.    Statement of Donna Elliott dated 11/17/03 (Def. Ex. No. 10-r).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's pay rate in November 2003, is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).  In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement which does not, on its face, have any indication as to by whom it was made, made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804.  The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by the plaintiff to Donna Elliott.  The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

29.    Statement of Donna Elliott dated 11/14/03 (Def. Ex. No. 10-s).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).  In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.

The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804.  The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by Lewis Rager to Donna Elliott.  The plaintiff further objects on the grounds of triple hearsay with regard to the references made therein to statements allegedly made by the plaintiff to Lewis Rager which were then related to Donna Elliott.  The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

30.     Statement of Donna Elliott dated 10/24/03 (Def. Ex. No. 10-t).

**OBJECTION: The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the placement of pavement edgedrain by the plaintiff in October 2003, is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement which does not, on its face, have any indication as to by whom it was made, made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

31.     Statement of Donna Elliott dated 8/1/03 (Def. Ex. No. 10-u).

**OBJECTION: The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's mileage in August 2003, is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement which does not, on its face, have any indication as to by whom it was made, made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by Nicky Calhoun to Donna Elliott. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

32.     Memorandum from Robert Stringfellow to Donna Elliott dated 12/8/03 (Def. Ex. No. 10-v).

**OBJECTION: The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's DWR training in December 2003, is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsigned and unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

33.    Statement of Michael Smelley re: incident of 8/4/03 (Def. Ex. No. 10-w).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's interactions with co-worker Michael Smelley on August 4, 2003, is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).**

**The plaintiff also objects to this exhibit on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on the grounds of a second level of hearsay with regard to the references made therein to statements allegedly made by the plaintiff to Michael Smelley. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.**

34.    Supervisory referral to Employment Assistance Program dated 12/3/03 (Def. Ex. No. 10-x).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding Donna Elliott's referral of the plaintiff to EAP due to attendance issues in December 2003 is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.**

35.    Memorandum from EAP to Donna Elliott dated 12/9/03 (Def. Ex. No. 10-y).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's appointment with the EAP due to attendance issues in December 2003 is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).**

36.    Employee Occasions Record (Def. Ex. No. 10-z).

**OBJECTION:** **The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's attendance and sick leave time from December 2002**

through November 2003 is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).

37.     Request for leave approvals dated 12/16/02, 1/13/03, 2/19,03, 3/17/03 4/22/03, 5/16/13, and 9/1/03 (Def. Ex. No. 10-aa and 10-bb).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's approved requests for leave time from December 2002 through September 2003 is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).

38.     Warning dated 12/8/03 (Def. Ex. No. 10-cc).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's attendance is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). In further support of the objection based on relevancy and materiality, the plaintiff notes that Donna Elliott was not the plaintiff's supervisor at the time of his termination nor has she been identified as a decision maker with regards to the plaintiff's termination.

39.     Reprimand dated 1/5/04 with statement of Ken Edwards dated 12/19/03 and request for leave approval (denied) dated 12/19/03 (Def. Ex. No. 10-dd).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that the content of this exhibit regarding the plaintiff's reprimand for allegedly leaving the job site without prior permission in January 2004 is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10). With regards to the statement of Ken Edwards dated 12/19/03, the plaintiff further objects on the grounds that it is inadmissible hearsay under Fed.R.Evid. 801 and 802 as it is an unsworn statement made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804. The plaintiff further objects on grounds of authenticity under Fed.R.Evid. 901.

40.     Letter from L. Dee Rowe to Director McInnis recommending dismissal of Tony Cabbil.  (Def. Ex. No. 11).

**OBJECTION:** The plaintiff objects to this exhibit (and to the attachment referenced therein) on the grounds that the content of this exhibit is not relevant or material to the claims in this action regarding the plaintiff's termination. As addressed in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe,  the <u>only</u> basis for the March 4, 2004, recommendation of the plaintiff's termination at the time this employment decision was made was  the plaintiff's alleged failure

to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21). Accordingly, evidence regarding any subsequently proffered reasons for the plaintiff's termination and documentation related thereto is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and such evidence would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403. Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter.

41.    Memorandum from Ron Green to Vivian Handy dated 3/23/04 (Def. Ex. No. 12).

**No objection.**

42.    Letter to Tony Cabill from Director McInnis (Notice of Proposed Termination and Pre-dismissal conference) dated 4/7/04 (Def. Ex. No. 13).

**OBJECTION:** The plaintiff objects to this exhibit, at least in part, on the grounds that the content of this exhibit as a whole is not relevant or material to the claims in this action regarding the plaintiff's termination. As addressed in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the only basis for the March 4, 2004, recommendation of the plaintiff's termination at the time this employment decision was made was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; and Ex. 21). Accordingly, evidence regarding any subsequently proffered reasons for the plaintiff's termination and documentation related thereto is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and such evidence would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403. Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter.

As such, plaintiff objects to the content of enumerated paragraphs 1-17 and 19 on pages 1-2 of the letter and also to enumerated paragraphs 2, 3 and 5-8 on page 3 of the letter, as well

as any other references contained therein to any alleged reason for the plaintiff's termination other than his alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. Plaintiffs also object to the authenticity of this exhibit under Fed. R. Evid. 901.

      43.    Memorandum from L. Dee Rowe to Director McInnis through Ron Green regarding Pre-dismissal conference dated 4/16/04 including Tony Cabill's written response (Def. Ex. No. 14).

**OBJECTION:** **The plaintiff has no objection to the introduction into evidence of the Memorandum from L. Dee Rowe to Director McInnis through Ron Green. However, the plaintiff does object to the introduction into evidence of his written response to same, at least in part, on the grounds that the content of this exhibit as a whole is not relevant or material to the claims in this action regarding the plaintiff's termination. As addressed in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the only basis for the March 4, 2004, recommendation of the plaintiff's termination at the time this employment decision was made was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21). Accordingly, evidence regarding any subsequently proffered reasons for the plaintiff's termination and documentation related thereto is immaterial and irrelevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and such evidence would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, i.e., the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403. Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter.**

    **As such, plaintiff objects to introduction into evidence of any portion of his written response which addresses any alleged reasons for the plaintiff's termination other than his alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004.**

      44.    Termination letter from Director McInnis to Tony Cabbil dated 4/22/04 (Def. Ex. No. 15).

**No objection.**

      45.    Form 11 (Termination effective 4/28/04) (Def. Ex. No. 16).

**No objection.**

46.    Tony Cabbil's notice of appeal dated 5/10/04 (Def. Ex. No. 17).

**No objection.**

47.    Letter to Tony Cabbil from State Personnel acknowledging appeal dated 5/11/04 (Def. Ex. No. 18).

**OBJECTION:  The plaintiff objects to this exhibit on the grounds that this item(s) was never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this matter.  See Fed.R.Civ.P. 26 and 37. The plaintiff respectfully reserves the right to assert further objections should these items be made available for review by plaintiff and his counsel.**

48.    Complaint Form (Internal Grievance) from Tony Cabbill dated 12/16/03 (Def. Ex. No. 19).

**No objection.**

49.    L. Dee Rowe response to Tony Cabbill's complaint dated 1/12/04 (Def. Ex. No. 20).

**No objection.**

50.    Letter dated 1/30/04 from Sandi Deitz to Tony Cabbil regarding complaint including investigative report dated 1/28/04 and L. Dee Rowe proposed resolution dated 1/12/04 (Def. Ex. No. 21).

**OBJECTION: The plaintiff objects to this exhibit, and all its parts, on the grounds that this exhibit contains multiple layers of inadmissible hearsay under Fed.R.Evid. 801 and 802 in the form of unsworn statements made outside of trial, being offered by the defendants to prove the truth of the matter asserted therein and does not fall in any of the exceptions to the hearsay rule as set out in Rules 803 or 804.  The plaintiff further objects to the admission of this exhibit on the grounds that such evidence should be excluded under Federal Rules of Evidence 403, 803(c) and Eleventh Circuit law.  This Circuit has held that while such EEO determinations are generally admissible at bench trials, they may be excluded from evidence in jury trials.  Barfield v. Orange County, 911 F.2d 644, 648 (11th Cir. 1990), reh'g denied, 920 F.2d 13 (11th Cir. 1990); and see Walker v. Nations Bank of Florida, 53 F.3d 1548, 1554 (11th Cir. 1995).  Moreover, an EEO determination may be excluded if it raises questions of trustworthiness under Fed.R.Evid. 803(8)(c).  Barfield, 911 F.2d at 650.  The internal EEO determination contained within this exhibit raises questions of trustworthiness as no basis for the conclusion is given and no explanation of the deliberative process is made. In order to determine the trustworthiness of the document, it would require the parties to conduct a trial**

within a trial as plaintiff wold be required to call the investigator to testify regarding the investigative process, her deliberations with regard to plaintiff's charges and the grounds upon which she based the determination and issued the findings.  Accordingly, in the instant case, this exhibit should be excluded because it raises questions of trustworthiness and because its probative value is substantially outweighed by the danger of creating unfair prejudice in the minds of the jurors and confusion of the issues.  See Fed.R.Evid.  403.

51.     Letter from Sandi Dietz to Hearing Officer John Green regarding Tony Cabbil's complaint hearing dated 3/3/04 (Def. Ex. No. 22).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that this item(s) was never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this matter.  See Fed.R.Civ.P. 26 and 37. The plaintiff respectfully reserves the right to assert further objections should these items be made available for review by plaintiff and his counsel.

52.     Letter from attorney Steven L. Atha withdrawing Tony Cabbil's complaint/grievance (Def. Ex. No. 23).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that it is not relevant or material to the claims in this action regarding the plaintiff's termination.  In order to state a valid claim of retaliation, the plaintiff need not prove the ultimate successful merit of the underlying complaint of discrimination, but only that at the time it was made he "reasonably believed" he was being subject to unlawful discrimination.  As such, evidence of the plaintiff's May 2004 withdrawal of a grievance, after his termination, would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, whether or not the plaintiff was subjected to unlawful retaliation in relation to his prior complaints of race discrimination. See Fed.R.Evid. 401, 402 and 403.

53.     Warning to Jeremy Akins dated 5/19/04 (Def. Ex. No. 24).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that this item(s) was never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this matter.  See Fed.R.Civ.P. 26 and 37. The plaintiff respectfully reserves the right to assert further objections should these items be made available for review by plaintiff and his counsel.

54.     Recommendation to terminate Jeremy Akins dated 9/6/05 (Def. Ex. No. 25).

**OBJECTION:** The plaintiff objects to this exhibit on the grounds that this item(s) was never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this matter.  See Fed.R.Civ.P. 26 and 37. The plaintiff respectfully reserves the right to assert further objections should these

items be made available for review by plaintiff and his counsel.

    55.    From 11 (Termination) of Jeremy Akins dated 10/2/8/05 (Def. Ex. No. 26).

    **OBJECTION: The plaintiff objects to this exhibit on the grounds that this item(s) was never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this matter.  See Fed.R.Civ.P. 26 and 37. The plaintiff respectfully reserves the right to assert further objections should these items be made available for review by plaintiff and his counsel.**

    56.    Inspection report on Tony Cabbil's signed vehicle with photographs (Def. Ex. No. 27).

    **OBJECTION: The plaintiff objects to this exhibit on the grounds that this item(s) was never produced, disclosed, or otherwise made known to the plaintiff during the discovery period and litigation of this matter as having any relevance to this matter.  See Fed.R.Civ.P. 26 and 37. The plaintiff also objects to this exhibit on the grounds that the content of this exhibit is irrelevant and immaterial to the claims in this action regarding the plaintiff's termination, as set out above. (See Objection No. 10).  The plaintiff respectfully reserves the right to assert further objections should these items be made available for review by plaintiff and his counsel.**

    **WHEREFORE, PREMISES CONSIDERED,** the plaintiff objects to the exhibits

submitted by the defendants as set out above and moves this Court to enter an Order precluding the

defendants from offering these items into evidence at trial.

        Respectfully submitted,

        s/ Russell W. Adams
        Russell W. Adams
        Counsel for Plaintiff
        Alabama State Bar No. 3760-A62R

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building

301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 25th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jim R. Ippolito
Andrew Redd
Robert Prescott
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

<u>s/ Russell W. Adams</u>
Counsel for Plaintiff

21