## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) 2:05-cv-513-T |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF TRANSPORTATION and JOE | ) |
| MCINNES, in his official capacity as | ) |
| Director of the State of | ) |
| Alabama Department of | ) |
| Transportation; | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' WITNESS LIST

**COMES NOW** the plaintiff in the above-styled cause, and submits the following objections to the Defendants' Witness List:

1. The plaintiff objects to the following individuals as set forth on the defendants' List of Witnesses that they expect to call: Witness No. 10, Anita Box; Witness No. 11, Michael Smelley; Witness No. 14, Hugh Blanton; and Witness No. 15, Cynthia Kemp.

### Witness No. 10, Anita Box

2. With regards to Anita Box, the plaintiff objects to her testimony in this matter under Fed.R.Evid. 401, 402 and 403.

3. It is anticipated the defendants will offer the testimony of Ms. Box regarding the plaintiff's alleged use of the women's restroom in order to attempt to prove a legitimate, non-discriminatory or retaliatory reason for the plaintiff's termination. As addressed in detail at summary

judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the only basis for the March 4, 2004, recommendation of the plaintiff's termination **at the time this employment decision was made** was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21).

    4.    Accordingly, any testimony that Ms. Box may have regarding the plaintiff's alleged use of the women's restroom would not be material or relevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403.

    5.    Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as the defendants failed to timely raise or assert such an affirmative defense in this matter.

### Witness No. 11, Michael Smelley

    6.    With regards to Michael Smelley, the plaintiff objects to his testimony in this matter under Fed.R.Evid. 401, 402 and 403.

    7.    It is anticipated the defendants will offer the testimony of Mr. Smelley regarding the plaintiff's alleged "attitude" at work and/or "threatening behavior" in order to attempt to prove a

legitimate, non-discriminatory or retaliatory reason for the plaintiff's termination. As addressed in detail at summary judgment and as clearly set forth in the deposition testimony of Lewis Rager, Nicky Calhoun, and L. Dee Rowe, the only basis for the March 4, 2004, recommendation of the plaintiff's termination **at the time this employment decision was made** was the plaintiff's alleged failure to perform his job duties properly when inspecting the Hugh Thomas Bridge project from January 15-27, 2004. (See Plaintiff's Evidentiary Submissions at Summary Judgment, Ex. 5; Ex. 1 p. 58:3-6; Ex. 9 p. 45:4-17; 59:14 - 60:6; Ex. 10 12:3-8; 13:19 - 14:13; 20:21-23; and Ex. 21).

8.      Accordingly, any testimony that Mr. Smelley may have regarding the plaintiff's alleged "attitude" at work and/or "threatening behavior" would not be material or relevant to the claims or defenses at bar regarding the plaintiff's termination as the defendants could not have possibly relied on this information in the decision making process which resulted in the plaintiff's termination recommendation of March 4, 2004, and would be offered solely to prejudice the plaintiff, to cause undue delay, and to confuse and mislead the jury from the actual issue at bar, *i.e.*, the actual reason for the plaintiff's termination at the time the termination decision took place. See Fed.R.Evid. 401, 402 and 403.

9.      Such evidence is also inadmissible as to any alleged "after-acquired evidence" defense, as
the defendants failed to timely raise or assert such an affirmative defense in this matter.

### Witnesses No. 14, Hugh Blanton & No. 15, Cynthia Kemp

10.     With regards to Hugh Blanton and Cynthia Kemp, the plaintiff objects to their respective testimony in this matter as the defendants have failed to properly disclose the identity of either of these individuals during this litigation such that they should be precluded from offering him

as a witness at trial. Pursuant to this Court's Scheduling Order, the parties were to have all discovery completed by June 1, 2006, and the trial is set to commence on October 2, 2006.

11.    On August 25, 2006, the defendants submitted their Witness List to the plaintiff in which was contained the identities of Hugh Blanton and Cynthia Kemp as expected witnesses in this matter. At no time prior to this date had the defendants otherwise disclosed the identity of these potential witnesses to the plaintiff despite the parties' prior involvement in extensive discovery and the defendants' previous submission of their Initial Disclosures in which they identified a total of seventeen (17) individuals who may have possessed discoverable information. (See Defendant's Initial Disclosures, a copy of which is submitted herewith as Exhibit A).

12.    The defendants also failed to identify either Hugh Blanton or Cynthia Kemp in response to the plaintiff's Interrogatories. (See Defendant's Responses to Plaintiff's First Interrogatories, a copy of which is submitted herewith as Exhibit B). Nor, to the knowledge of the undersigned counsel for plaintiff, have either Mr. Blanton or Ms. Kemp been otherwise disclosed at any time during the discovery process as persons who may possess discoverable information in this matter. Nor have wither Mr. Blanton or Ms. Kemp been disclosed or otherwise identified by the defendants in any manner within the Pretrial Order submitted in this matter.

13.    The defendants disclosed to the plaintiff for the first time within their Witness List the identities and contact information of Mr. Blanton and Ms. Kemp and identified them as persons who in any way may possess relevant, material or discoverable information related to this case. However, to date, it still has not been disclosed as to what topics or matters either Mr. Blanton or Ms. Kemp may be expected to testify or what matter of discoverable information, if any, each may possess.

14. The defendants failed to disclose the identity of Mr. Blanton and Ms. Kemp, or as to what topics of discoverable information, if any, each may possess, in their Initial Disclosures, in any timely supplements thereto or at any other time during the discovery process.

15. Federal Rule of Civil Procedure 26(a) and (e) places an affirmative and ongoing duty on the parties to provide to the adverse party the "name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses," and "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that ... the disclosing party may use to support its claims or defenses."

16. In Burney v. Rheem Mfg. Co., Inc., 196 F.R.D. 659 (M.D.Ala. 2000), the District Court held that Federal Rule of Civil Procedure 37(c) is applicable to a party's failure to comply with an initial disclosure requirement. 196 F.R.D. at 690-691, citing Snow v. Bellamy Mfg. & Repair, 1995 WL 902210, *4 (N.D.Ga.1995)("[T]he Local [Rule] requirement that certain disclosures should be automatic is analogous to that of Federal Rule 26. The Court finds that Rule 37(c) sanctions would provide an appropriate remedy for violations of required disclosure under Local Rules. Thus, the Court will apply Rule 37(c) sanctions by analogy for violations of Local Rules."). This was again recognized and applied by the District Court in Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 368 (M.D.Ala. 2001)[1]:

> The rule [Fed.R.Civ.Pro. 37(c)(1)] provides, in pertinent part, that "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) **shall not**, unless such failure is harmless, be permitted to use as evidence

---

[1] The Court in Stallworth also noted that the " Middle District of Alabama has exercised its discretion to enforce Rule 26 through the use of local rules, which also mandate timely responses to discovery requests." Citing M.D.ALA.L.R. 26.1.

> at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). **The burden rests upon the non-producing party** to show that its actions were substantially justified or harmless.

citing Burney, 196 F.R.D. at 691. (emphasis added).

17. In Stallworth the Court stated the appropriate analysis for whether a non-disclosing party has substantial justification for its actions as follows: could reasonable people "differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." Id. (quoting Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D.Kan.1995)). Much as in Stallworth, there is no genuine dispute in the present action. There has been no claim by the defendants that they were confused by or did not understand the Court's scheduling order and the deadlines as set forth therein. Instead, the defendants have simply identified two expected trial witnesses upon the eve of trial who they failed to timely and properly disclose pursuant to Rules 26 and 37. No reasonable basis in either fact or law has been provided by the defendants as to their failure to identify either Mr. Blanton or Ms. Kemp and/or any discoverable information in either's possession in violation of the express terms of Rule 26(a) and (e).

18. Further, the defendants' failure to disclose in compliance with Rule 26 is not harmless. Facing a similar situation, the district court in Snow v. Bellamy Mfg. & Repair, 1995 WL 902210, at 4 (N.D.Ga.1995), specifically held that "[t]he failure to identify witnesses ... at this late date, is prejudicial. Discovery has now closed, preventing Plaintiff from further discovery or deposition of the witnesses. Plaintiff cannot conduct effective cross examination or prepare necessary rebuttal in such a situation. Moreover, Defendant has not offered any justification for its failure." Similarly, in the case at bar, the plaintiff is prejudiced by the defendants' failure to timely

disclose the identity of these individuals or any categorical description of documents, information or items in their possession which were potentially relevant to this action.

19.     Accordingly, pursuant to the express language of Federal Rules of Civil Procedure 26 and 37, as well as the holdings of this Circuit, the testimony of Mr. Blanton and Ms. Kemp is due to be excluded from use by the defendants at trial due to the defendants' violation of Rule 26(a) and (e).

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff objects to the witnesses submitted by the defendants as set out above and moves this Court to enter an Order precluding the defendants from calling these witnesses at trial.

Respectfully submitted,

s/ Russell W. Adams
Russell W. Adams
Counsel for Plaintiff
Alabama State Bar No. 3760-A62R

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jim R. Ippolito
Andrew Redd
Robert Prescott
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

                                                s/ Russell W. Adams
                                                Counsel for Plaintiff