# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:05-cv-513-T |
| ) | |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF TRANSPORTATION and JOE ) | |
| MCINNES, in his official capacity ) | |
| as Director of the State of Alabama ) | |
| Department of Transportation ) | |
| ) | |
| Defendants. ) | |

RECEIVED MAY 16 2006 BY:

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

Comes now the Defendants, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure responds to the Plaintiff's First Interrogatories and Requests for Production as follows:

### REQUESTS FOR PRODUCTION

1. Provide all personnel files of the plaintiff, including the Division, District, Central Office and State Personnel Department files, and all documents and recordings relating to plaintiff's employment including, but not limited to all documents related to the decision to terminate plaintiff's employment.

Plaintiff's personnel files will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama or where such are routinely maintained, on a date and at a time as mutually agreed upon by the parties.

2. Provide a copy of any notes, calendar entries or diary entries created by Gary Elliot, Donna Elliot, L. Dee Rowe, Lewis Rager, Nicky Calhoun, Anita Box, J.D. McInnes, or any other individual involved in plaintiff's employment that in any way relate to the plaintiff.

**To the extent that any such notes, etc. are not privileged or otherwise protected from discovery requests, and to the extent that such are in existence, the same will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama or where such are routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

3. Provide a complete personnel file of all persons involved in decisions affecting the plaintiff's employment, including his training and termination. This included but is not limited to the following: Donna Elliot, Gary Elliot, Lewis Rager, Nicky Calhoun, L. Dee Rowe.

**Defendants object to this request as being overly broad and unnecessarily intrusive. Such files likely contain personal and/or confidential information not relevant to the case. To the extent that the plaintiff indicates specific information sought in these files i.e. evaluations, disciplinary actions, etc., such will be made available, in redacted form, for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama or were such are routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

4. Provide a copy of all documents sent to and received from any agency such as EEOC or the Department of Industrial Relations relating to the plaintiff, his employment with the defendants, his unemployment compensation or benefits, or the termination of his employment.

**To the extent that such documents are not privileged, such will be made available for inspection and copying, at plaintiff's prepaid expense, in Montgomery, Alabama or**

2

where such are routinely maintained, on a date and at a time as mutually agreed upon by the parties.

5. Provide the personnel files of all employees of ALDOT who were disciplined, whether by verbal or written reprimand, suspension, termination, or some other form of discipline, for the same reasons given for plaintiff's termination, from January 2000 until the present.

**Defendants object to this request as being overly broad, oppressive and unwarranted given the needs of this case. Plaintiff's complaint involves the alleged actions of ALDOT personnel within the Fifth Division, and none other, save Director McInnes. To the extent that the inquiry may involve personnel within that division, such files, in redacted form, will be made available for inspection and copying, at plaintiff's prepaid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

6. Provide the defendants' file relating to any investigation of plaintiff's termination performed by Sandra Dietz or any other Human Resources employee, including but not limited to any memoranda sent to Ron Green or any other EEO Officer by Sandra Dietz concerning the plaintiff's proposed termination and any document showing concurrence or disagreement by anyone with the decision to terminate the plaintiff's employment.

**To the extent that such documents exist and are not privileged, such will be made available for plaintiff's inspection and copying, at his pre-paid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

3

7. Provide all documents actually relied upon by the individual or individuals who made the decision to terminate the plaintiff's employment in reaching that decision.

**To the extent that such documents are not privileged, such will be made available for plaintiff's inspection and copying, at his pre-paid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

8. Provide the personnel file of any ALDOT employee whose mistake, failure to perform job properly, or inattention to job cost the Department of Transportation $2,000 or more in funds that otherwise would not have to have been paid from January 2002 until the present.

**Defendants object to this request as being overly broad, oppressive and unwarranted, given the needs of this case. Plaintiff's claim involves alleged actions of ALDOT personnel within the Fifth Division, and none other, save Director McInnes. To the extent that the request encompasses personnel within that Division, such documents, if in existence, will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama, or where such documents are routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

9. Provide the personnel files of all ALDOT employees who have been disciplined, whether by written reprimand, suspension, or termination, for inattention to job, failure to perform job, or for costing ALDOT $2,000 or more in funds that otherwise would not have to have been paid from January 2002 until the present.

**See response to Number 8.**

10. Provide copies of all Form 11 documents relating to the plaintiff, including copies of such documents received by the State Personnel Department.

4

**Such documents will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

11. Provide any and all documents relating to the termination of plaintiff's employment, including recommendations for termination, reviews of such recommendations, documents reflecting concurrence in or disagreement with such a recommendation, and all documents discussing the facts underlying the termination decision or the plaintiff's employment history.

**To the extent that there are such documents, which are not contained within the other responses herein, and are not privileged, such will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

12. All documents showing the total costs of project #99-505-010-773-204.

**To the extent that such documents are not privileged, such will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

13. All documents relating to work on and completion of project #99-505-010-773-204, including but not limited to all documents showing reworking and re-sanding/painting areas that plaintiff allegedly did not inspect.

**See Number 12 above.**

14. All photographs or documentary evidence showing re-work and re-sand/paint which needed to be done on project #99-505-010-773-204 as a result of plaintiff's alleged failures on his job.

5

Defendants are not aware of any photographs of the relevant areas; however, if there such photographs, such will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama or where routinely maintained, on a date and at a time as mutually agreed upon by the parties. Plaintiff is already in possession of the daily work reports which reflect these areas.

15. All documents showing records allegedly falsified by plaintiff regarding completion of sequences of construction on project #99-505-010-773-204..

Plaintiff is already in possession of the daily work reports which reflect the falsification of work purportedly performed by the plaintiff.

16. All "Documentation from the Division Bridge Inspector: and documentation of re-check by Mr. Edwards discussed in letter from Lewis S. Rager to L. Dee Rowe dated March 4, 2004.

Such documents will be made available for plaintiff's inspection and copying, at his pre-paid expense, in Montgomery, Alabama, or where such are routinely maintained, at a date and time as mutually agreed upon by the parties.

17. A printout of the computer directory or sub-directory containing Donna Elliot's memorandum concerning the plaintiff dated December 8, December 2, November 26, November 25, November 24, November 18, November 17, October 24, August 1, which would reflect the date such memoranda were created and last modified.

To the extent that such is retrievable and not privileged, such will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama, or where routinely maintained, at a date and time as mutually agreed upon by the parties.

18. All documents, including memoranda, notes, or correspondence, reflecting the substance of plaintiff's complaints on November 25 and 26, 2003 which are discussed in his termination letter.

**Such documents, to the extent that they are not privileged, will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties.**

19. The "documentation" referred to in paragraph 16 of Mr. Cabbil's termination letter which indicates "you had inspected each phase before allowing the contractor to continue when, in fact, you had not."

**Such documentation will be made available for inspection and copying, at plaintiff's pre-paid expense, in Montgomery, Alabama, or where routinely maintained, on a date and at a time as mutually agreed upon by the parties. However, Defendants believe that the plaintiff is already in possession of the requested documents.**

### INTERROGATORIES

1. Identify all individuals who made the decision to terminate the plaintiff's employment.

**Lewis Rager (recommendation), Nicky Calhoun, L. Dee Rowe and D. J. McInnes.**

2. Identify all individuals who participated in the decision to terminate the plaintiff's employment and identify each such person's role in the decision-making process.

**Donna Elliot and Gary Elliot provided information concerning the plaintiff's work. Lewis Rager recommended termination. Nicky Calhoun, L. Dee Rowe and D.J. McInnes effected the termination.**

3. Identify all individuals who supervised the plaintiff in the year prior to his termination.

7

**Donna Elliot, Gary Elliot, and possibly, Talbert Essary**

4. Identify all individuals who took over the plaintiff's job duties following his termination.

**Rhonda Kelly**

5. Identify all employees or former employees of ALDOT who have been disciplined, whether by written or verbal reprimand, suspension, or termination from January 2002 until the present, for committing the same offenses for which the plaintiff was terminated.

**Defendants object to this request for the reasons as specified in response to request for production Number 5.**

6. Identify all employees or former employees of ALDOT whose mistakes, failure to perform job properly, or inattention to job cost ALDOT in excess of $2,000 between January 1, 2002 and the present.

**Defendants object to this request for the reasons as specified in the response to request for production Number 6.**

7. Identify with specificity the knowledge of the facts in this case possessed by Nicky Calhoun.

**Mr. Calhoun's knowledge of the facts may be ascertained from his deposition testimony.**

8. Identify with specificity the knowledge of the facts in this case possessed by L.Dee Rowe.

**Ms. Rowe's knowledge of the facts may be ascertained from her deposition testimony.**

9. Identify with specificity the knowledge of the facts in this case possessed by Rob Stringfellow.

**Mr. Stringfellow was involved in the attempts to train the plaintiff in DWR reporting process.**

10. Identify with specificity the knowledge of the facts in this case possessed by Gary Elliot.

**Mr. Elliot's knowledge of the facts may be ascertained from his deposition testimony.**

11. Identify with specificity the knowledge of the facts in this case possessed by Lewis Rager.

**Mr. Rager's knowledge of the facts may be ascertained from his deposition testimony.**

12. Identify with specificity the knowledge of the facts in this case possessed by Derek Tilley.

**Mr. Tilley inspected the bridgework, purportedly inspected and approved by the plaintiff, and noted deficiencies thereof.**

13. Identify with specificity the knowledge of the facts in this case possessed by Kenneth Edwards.

**Mr. Edwards trained the plaintiff on the manner in which to inspect the bridge shot-blasting, cleaning and plaintiff. Mr. Edwards has knowledge of plaintiff's failures to properly inspect the bridgework and the improper annotations of such inspections on daily work reports. Mr. Edwards has knowledge of the plaintiff's inappropriate use of the ladies restroom at the district or project office.**

9

14. Identify with specificity the knowledge of the facts in this case possessed by Donna Elliot.

Mrs. Elliot's knowledge of the facts may be ascertained from her deposition testimony.

15. Identify with specificity the knowledge of the facts in this case possessed by Talbert Essary.

Mr. Talbert supervised the plaintiff prior to Donna Elliot and would likely be familiar with the plaintiff's work and performance. Mr. Talbert evaluated the plaintiff for the rating period 7/30/2001-01/29/2002 and provided plaintiff's next supervisor, Donna Elliot, with work and performance information regarding the plaintiff.

16. Identify with specificity the knowledge of the facts in this case possessed by Nell Clemmons.

According to the plaintiff, Nell Clemmons told Donna Elliot something about the plaintiff, of which Donna Elliot has no recollection. Plaintiff possesses superior knowledge concerning this matter.

17. Identify with specificity the knowledge of the facts in this case possessed by Michael Smelley.

Mr. Smelley is no longer employed by ALDOT and has not been contacted concerning his knowledge of the facts in this case. However, Mr. Smelley's written report(s) and/or statements concerning his confrontation with the Plaintiff are included in the materials to be furnished to plaintiff pursuant to the request for production or as may already be in his possession..

18. Identify the individual and/or documents which provided the information contained in Mr. Cabbil's termination letter stating that he initiated a confrontation with a co-worker on August 4, 2003.

**Michael Smelley reported this matter and provided written report and/or statement relating to the same.**

19. Identify the individual and/or documents which provided the information contained in Mr. Cabbil's termination letter stating that he did not perform his job properly on October 16, 17, and 20, 2003.

**Donna Elliot, and as may be reflected in Ms. Elliot's deposition.**

20. Identify the individual and/or documents which provided the information contained in Mr. Cabbil's termination letter stating that he complained to supervisors on November 25 and 26, and the supervisor(s) to whom Mr. Cabbil allegedly complained.

**Donna Elliot and/or Lewis Rager. Or as otherwise indicated in their respective depositions.**

21. Identify the individual and/or documents which provided the information contained in Mr. Cabbil's termination letter stating that he left his job station without permission on December19, 2003.

**Gary Elliot, Ken Edwards and Lewis Rager.**

22. Identify the individual and/or documents which provided the information contained in Mr. Cabbil's termination letter stating in paragraph 17 of that letter that Mr. Cabbil refused to work with a contractor on February 14 until February 16, 2004.

**Gary Elliott.**

11

RESPECTFULLY SUBMITTED
TROY KING
ATTORNEY GENERAL

_____
JIM R. IPPOLITO, JR. (IPP001)
Assistant Attorney General
Chief Counsel
ANDREW W. REDD (RED001)
ROBERT PRESCOTT (PRE020)
Assistant Attorney General
Assistant Counsel

ADDRESS OF COUNSEL:
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on the following by placing a copy thereof, addressed to him as indicated below, in United States Mail, First Class postage prepaid, on this the 15th day of May, 2006:

Kell Simon, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
301 Nineteenth Street, North
Birmingham, Alabama 35203

_____
Andrew W. Redd
Assistant Counsel

12