**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TONY CABBIL, )<br>)<br>  Plaintiff, )<br>v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>TRANSPORTATION and JOE McINNES, )<br>)<br>  Defendants. ) | CASE NO. 2:05-cv-513-MHT |

**DEFENDANTS' PRETRIAL BRIEF**

Pursuant to the Order of the Court (Doc. No. 36), Defendants Alabama Department of Transportation and Joe McInnes submit the following pretrial brief:

**STATEMENT OF THE ISSUES**

1. Whether Plaintiff Tony Cabbil failed to establish a *prima facie* case of racial discrimination?

2. Whether Defendants have provided legitimate nondiscriminatory reasons for their decision to terminate Plaintiff's employment?

3. Whether Plaintiff failed to establish that the proffered reasons by Defendants for his termination were pretextual?

4. Whether Plaintiff failed to establish a *prima facie* case of retaliation/retaliatory discharge discrimination?

5. Whether there is a causal relationship between Plaintiff's termination and the alleged protected speech?

6. Whether Plaintiff established that a similarly situated white employee or a similarly situated employee who had not previously filed a grievance engaged in nearly identical conduct as the Plaintiff and was not terminated?

7. Whether Plaintiff established that he is entitled to any damages?

## **DEFENDANTS' POSITION**

Defendants' position with respect to the claims and issues presented by this case are set forth at length in their Memorandum Brief in Support of Summary Judgment (Doc. No. 20) and Response to Plaintiff's Brief in Opposition to Motion for Summary Judgment (Doc. No. 30).

Simply stated, Defendants deny that Plaintiff's race was a motivating factor in any of the job actions taken with respect to this Plaintiff. In particular, Defendants deny that the termination of Plaintiff's employment was racially motivated or that such was motivated by a desire to retaliate against Plaintiff for having filed an internal grievance.

Plaintiff was terminated due to his misconduct with respect to the bridge inspection during January of 2004; however, this misconduct was not, nor should it have been, considered in a vacuum. Plaintiff's prior work history, including the warning for violating the Department's sick leave call-in regulation, his reprimand for having left his job without permission, along with the many other problems of employment, all warranted the termination of Plaintiff, a relatively short-termed employee.

Plaintiff has not demonstrated that he was treated differently from white employees or other employees who had previously filed grievances who had engaged in nearly identical conduct. Plaintiff argued that white employee Jeremy Akins engaged in misconduct that cost the Department money, yet he was not terminated. Defendants contend that, at the time of the incident referenced by Plaintiff, Akins did not have prior disciplinary actions, and his

misconduct was not as serious as Plaintiff's. Thus he received a warning, a lesser disciplinary action. However, when Akins later engaged in a more serious incident of misconduct, he was terminated.

Plaintiff contends that Ken Edwards, his supervisor on the bridge project, was jointly responsible for the bridge inspection during the time for which he was terminated. Plaintiff contends that Edwards, who had not filed a grievance, was not punished at all. Edwards, who is black, had trained Plaintiff on how to properly inspect the bridge to insure proper shot-blasting and painting and had turned the inspection process over to Plaintiff, who signed off on the inspections for all but one of the days in controversy. Plaintiff asserts that, because Edwards' name appears along with his on the daily reports, Edwards was with him daily assisting in the inspections. This is incorrect. During this time period, Edwards was supervising several projects and, although spending varying amounts of time at each daily, did not accompany Plaintiff up underneath the bridge to perform the inspections.

During the relevant time period, Edwards inspected the bridge on only one day, when Plaintiff was on leave, and he has attested to the fact the he properly inspected on that day. Edwards is a long-term employee with a good work record and is experienced in conducting the required inspections. It was reasonable to conclude that Plaintiff, not Edwards, performed insufficient inspections and filed false daily reports.

Plaintiff testified in deposition that he currently receives Social Security disability benefits due to his inability to work arising from a December 2004 automobile accident unrelated to his employment with the Department of Transportation. Defendants assert that this disability precludes Plaintiff from reinstatement and bars back pay, should he prevail.

Defendants have also learned through discovery that Plaintiff submitted false employment applications in connection with his employment with the Department of Transportation. Plaintiff failed to disclose an employer for whom he had worked up to two years. Plaintiff left that employment on less than desirable terms. This omission would have been the basis for the termination of Plaintiff's employment had it been discovered earlier. Defendants contend that this material omission should serve to bar recovery in this claim or, in the alternative, reduce any award, should Plaintiff prevail.

    RESPECTFULLY SUBMITTED
    TROY KING
    ATTORNEY GENERAL

    s/ Andrew W. Redd
    Jim R. Ippolito, Jr. (IPP001)
    Assistant Attorney General
    Chief Counsel

    Andrew W. Redd (RED001)
    George Robert Prescott, Jr. (PRE020)
    Assistant Attorney General
    Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
redda@dot.state.al.us

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | )   **CASE NO. 2:05-cv-513-MHT** |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION and JOE McINNES, | ) |
| | ) |
|     Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Russell W. Adams, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
Attorneys at Law
301 Nineteenth Street, North
Birmingham, Alabama  35203
ATTORNEY FOR PLAINTIFF

                                               s/ Andrew W. Redd       .
                                               Andrew W. Redd (RED001)
                                               Assistant Attorney General
                                               Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us