IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CABBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CASE NO. 2:05-cv-513-MHT |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION and JOE McINNES, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS
TO DEFENDANTS' EXHIBIT LIST

COME NOW Defendants, the Alabama Department of Transportation and Joe McInnes, by and through their undersigned counsel, and respond as follows to Plaintiff's Objections to Defendants' Exhibit List (Doc No. 51):

1.     EEOC Complaint of Tony Cabbil dated 6/3/2004.

**RESPONSE:  The 6/3/2004 date is incorrect and should be listed as 5/19/2004, which is the date listed in Plaintiff's objection.**

2.     Employment application of Tony Cabbil dated 3/26/99.

**RESPONSE:  Defendants contend that Plaintiff's employment applications and/or employment history are admissible for the purpose of impeachment.  Plaintiff's credibility is at issue in this matter; thus the employment applications, specifically Plaintiff's failure to disclose a material fact of his prior employment is relevant to impeach his credibility. Fed.R.Evid. 401, 402, 607.**

**Plaintiff's retaliation claim is based in major part on his claim that he was terminated because of a grievance he had filed against Lewis Rager and Donna Elliott. This grievance arose after a confrontation that Plaintiff had had with co-worker Michael**

Smelley and alleged preferential treatment afforded Smelley. Defendants contend that it is relevant to compare Smelley's prior work history, which included approximately ten years of work with the Bibb County Highway Department, in a position very similar to his work at ALDOT, to that of Plaintiff, which included no prior employment in the field. Fed.R.Evid. 401, 402.

    3.    Employment application of Tony Cabbil dated 5/17/2001.

**RESPONSE: Defendants contend that Plaintiff's employment applications and/or employment history are admissible for the purpose of impeachment. Plaintiff's credibility is at issue in this matter; thus the employment applications, specifically Plaintiff's failure to disclose a material fact of his prior employment is relevant to impeach his credibility. Fed.R.Evid. 401, 402, 607.**

**Plaintiff's retaliation claim is based in major part on his claim that he was terminated because of a grievance he had filed against Lewis Rager and Donna Elliott. This grievance arose after a confrontation that Plaintiff had had with co-worker Michael Smelley and alleged preferential treatment afforded Smelley. Defendants contend that it is relevant to compare Smelley's prior work history, which included approximately ten years of work with the Bibb County Highway Department, in a position very similar to his work at ALDOT, to that of Plaintiff, which included no prior employment in the field. Fed.R.Evid. 401, 402.**

    4.    Attendance/Punctuality policy acknowledgment dated 7/30/01.

**RESPONSE: The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case. Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of**

Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* **Fed.R.Evid. 401, 402, 607.**

6.    Compensatory time agreement dated 7/30/01.

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

10.    Memorandum from Nicky Calhoun to L. Dee Rowe dated 3/15/04 recommending termination of Tony Cabbil with attachments. (Def. Ex. No. 10)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of**

Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .  Also, Plaintiff was fully aware of the information contained in the above-referenced exhibit due to the pre-termination hearing held by Defendants.  Plaintiff was allowed to respond to each and every incident cited by Defendants, which he did.

      11.     Chapter 670-X-19 Employee Work Rules, pages 54-55 (Def. Ex. No. 10-a).

      **RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

4

13.     Structural Deficiency Report from Derek Tilley dated 2/24/04 (Def. Ex. No. 10-c)

**RESPONSE: The 2/24/2004 date is incorrect and should be listed as 2/20/2004, which is the date listed in Plaintiff's objection.**

15.     Statement of Ken Edwards dated 2/25/04 (Def. Ex. No. 10-e).

**RESPONSE: The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case. Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision. The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* Fed.R.Evid. 401, 402, 607. .**

16.     Statement of Gary Elliott dated 2/20/04 (Def. Ex. No. 10-f).

**RESPONSE: The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case. Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision. The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant. To prevent Defendants from presenting all the evidence used by**

Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* **Fed.R.Evid. 401, 402, 607. .**

      17.     Inspector's Daily Reports dated 2/15/04, 2/16/04, 2/20/04, 2/21/04, 2/22/04, 2/23/04, 2/24/04, 2//26/04 and 2/27/04 (Def. Ex. No. 10-g).

      **RESPONSE:  The February dates are incorrect and should be listed as the Daily Reports for the month of January 2004, which is the date listed in Plaintiff's objection.**

      18.     Statement of Anita Box dated 3/15/04 (Def. Ex. No. 10-h)

      **RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

      19.     Statement of Ken Edwards dated 3/15/04 (Def. Ex. No. 10-i)

      **RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's**

employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* **Fed.R.Evid. 401, 402, 607. .**

20.     Statement of Gary Elliott dated 3/15/04 (Def. Ex. No. 10-j)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

21.     Statement of Gary Elliott dated 3/13/04 (Def. Ex. No. 10-k)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not**

"after-acquired" information, but rather, information available, and utilized in the process and is relevant. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* **Fed.R.Evid. 401, 402, 607.** .

22.    Statement of Donna Elliott dated 12/8/03 (Def. Ex. No. 10-l)

**RESPONSE: The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case. Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision. The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant. Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* Fed.R.Evid. 401, 402, 607. .**

23.    Statement of Donna Elliott dated 12/2/03 (Def. Ex. No. 10-m)

**RESPONSE: The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case. Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's**

employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* **Fed.R.Evid. 401, 402, 607. .**

24.    Statement of Donna Elliott dated 11/26/03 (Def. Ex. No. 10-n)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

25.    Statement of Donna Elliott dated 11/25/03 (Def. Ex. No. 10-o)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel**

file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision. The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant. Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* **Fed.R.Evid. 401, 402, 607.** .

     26.    Statement of Donna Elliott dated 11/25/03 (Def. Ex. No. 10-p)

**RESPONSE:** The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case. Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision. The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant. Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* **Fed.R.Evid. 401, 402, 607.** .

27.    Statement of Donna Elliott dated 11/18/03 (Def. Ex. No. 10-q)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

28.    Statement of Donna Elliott dated 11/17/03 (Def. Ex. No. 10-r)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott.  To**

prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* **Fed.R.Evid. 401, 402, 607. .**

29.    Statement of Donna Elliott dated 11/14/03 (Def. Ex. No. 10-s)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

30.    Statement of Donna Elliott dated 10/24/03 (Def. Ex. No. 10-t)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not**

"after-acquired" information, but rather, information available, and utilized in the process and is relevant.  Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .

    31.    Statement of Donna Elliott dated 8/1/03 (Def. Ex. No. 10-u)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision.  The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.  Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

    32.    Memorandum from Robert Stringfellow to Donna Elliott dated 12/8/03 (Def. Ex. No. 10-v)

**RESPONSE:  The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case.  Defendants viewed Plaintiff's entire personnel**

file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision. The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant. Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* **Fed.R.Evid. 401, 402, 607. .**

      33.    Statement of Michael Smelley re: incident of 8/4/03 (Def. Ex. No. 10-w)

**RESPONSE: RESPONSE: The Plaintiff appears to assert that only the facts surrounding bridge inspection failures are relevant to this case. Defendants viewed Plaintiff's entire personnel file and his actions while employed with Defendant Alabama Department of Transportation in reaching the decision to terminate Plaintiff. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making their decision. The information was not "after-acquired" information, but rather, information available, and utilized in the process and is relevant.**

      **Also, Plaintiff's retaliation claim is based in most part on his claim that he was terminated because of a grievance he filed against Lewis Rager and Donna Elliott. This grievance arose after a confrontation that the Plaintiff had with co-worker Michael Smelley and alleged preferential treated afforded Smelley. Defendants contend that it is relevant**

for Smelley's statement to be presented as evidence due to the circumstances of the case. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* Fed.R.Evid. 401, 402, 607. .

34.     Supervisory referral to Employment Assistance Program dated 12/3/03 (Def.Ex.No. 10-x).

**RESPONSE: The Plaintiff seeks to exclude virtually every fact of the Plaintiff's employment save the facts surrounding the bridge inspection. As noted above, the Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate. Prior disciplinary actions, such as the warning for the sick call violations, the reprimand issued to the Plaintiff for having left the job site without permission, as well as the other matters identified to the Plaintiff in the Notice of Proposed Termination are valid matters for consideration. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff, in deciding to terminate the Plaintiff's employment. This information was not "after-acquired" information, but rather, information available, and utilized, in the process.**

35.     Memorandum from EAP to Donna Elliott dated 12/9/03 (Def. Ex. No. 10-y)

**RESPONSE: The Plaintiff seeks to exclude virtually every fact of the Plaintiff's employment save the facts surrounding the bridge inspection. As noted above, the Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate. Prior disciplinary actions, such as**

the warning for the sick call violations, the reprimand issued to the Plaintiff for having left the job site without permission, as well as the other matters identified to the Plaintiff in the Notice of Proposed Termination are valid matters for consideration.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff, in deciding to terminate the Plaintiff's employment.  This information was not "after-acquired" information, but rather, information available, and utilized, in the process.

36.    Employee Occasions Record (Def.Ex.No. 10-z)

**RESPONSE:  The Plaintiff seeks to exclude virtually every fact of the Plaintiff's employment save the facts surrounding the bridge inspection.  As noted above, the Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate.  Prior disciplinary actions, such as the warning for the sick call violations, the reprimand issued to the Plaintiff for having left the job site without permission, as well as the other matters identified to the Plaintiff in the Notice of Proposed Termination are valid matters for consideration.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff, in deciding to terminate the Plaintiff's employment.  This information was not "after-acquired" information, but rather, information available, and utilized, in the process.  To prevent Defendants from presenting all the evidence used by Defendants to reach their**

decision would be prejudicial and contrary to the rules of evidence.  *See* **Fed.R.Evid. 401, 402, 607. .**

37.    Request for leave approvals dated 12/16/02, 1/13/03, 2/19/02, 3/17/03, 4/22/03, 5/16/03, and 9/1/03 (Def.Ex.No. 10-aa and 10-bb).

**RESPONSE:  The Plaintiff appears to assert that only the facts surround the bridge inspection failures are relevant to this case. The Plaintiff's absences, specifically, his excessive sick leave call-ins, violated departmental policies and resulted in the issuance of a warning.  This warning was a part of the department's progressive discipline policy, which the Defendants contend may be considered when imposing subsequent disciplinary actions on the Plaintiff.  A termination action cannot be taken in a vacuum.  The employee's prior disciplinary actions and prior conduct are certainly valid considerations that may be included in the decision making process, as would be good evaluations, longevity and other facts of employment.  The call-in violations were part of the underlying reasons for termination and were adequately described to the Plaintiff in the April 7, 2004 Notice of Proposed Termination and Pre-termination Conference.  In his April 14, 2004 Response, the Plaintiff addressed these matters.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .**

38.    Warning dated 12/8/03 (Def.Ex.No. 10-cc)

**RESPONSE:  The Plaintiff seeks to exclude virtually every fact of the Plaintiff's employment save the facts surrounding the bridge inspection.  As noted above, the Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate.  Prior disciplinary actions, such as**

the warning for the sick call violations, the reprimand issued to the Plaintiff for having left the job site without permission, as well as the other matters identified to the Plaintiff in the Notice of Proposed Termination are valid matters for consideration.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate the Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff, in deciding to terminate the Plaintiff's employment.  This information was not "after-acquired" information, but rather, information available, and utilized, in the process.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .

39.    Reprimand dated 1/5/04 with statement of Ken Edwards dated 12/19/03 and request for leave approval (denied) dated 12/19/03 (Def.Ex.No. 10-dd).

**RESPONSE:  Plaintiff seeks to exclude virtually every fact of his employment save the facts surrounding the bridge inspection.  As noted above, Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate.  Prior disciplinary actions, such as the warning for the sick call violations, the reprimand issued to Plaintiff for having left the job site without permission, as well as the other matters identified to Plaintiff in the Notice of Proposed Termination are valid matters for consideration.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff in deciding to terminate Plaintiff's**

employment.  This information was not "after-acquired" information, but rather, information available, and utilized, in the process.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* **Fed.R.Evid. 401, 402, 607. .**

Plaintiff's absences, specifically, his excessive sick leave call-ins, violated Departmental policies and resulted in the issuance of a warning.  This warning was a part of the Department's progressive discipline policy, which Defendants contend may be considered when imposing subsequent disciplinary actions on the Plaintiff.  A termination action cannot be taken in a vacuum.  The employee's prior disciplinary actions and prior conduct are certainly valid considerations that may be included in the decision making process, as would be good evaluations, longevity and other facts of employment.  The December 19, 2003, and January 5, 2004, incidents were part of the underlying reasons for termination and were adequately described to Plaintiff in the April 7, 2004. Notice of Proposed Termination and Pre-termination Conference.  In his April 14, 2004, Response, Plaintiff addressed these matters.

40.    Letter from L. Dee Rowe to Director McInnes recommending dismissal of Tony Cabbil (Def.Ex.No. 11).

**RESPONSE: Plaintiff seeks to exclude virtually every fact of his employment save the facts surrounding the bridge inspection.  As noted above, Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate.  Prior disciplinary actions, such as the warning for the sick call violations, the reprimand issued to Plaintiff for having left the job site without permission, as well as the other matters identified to Plaintiff in the Notice of Proposed Termination**

are valid matters for consideration. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff in deciding to terminate Plaintiff's employment. This information was not "after-acquired" information, but rather, information available, and utilized, in the process. To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence. *See* Fed.R.Evid. 401, 402, 607. . Plaintiff was fully aware of the information contained in the above-referenced exhibit due to the pre-termination hearing held by Defendants. Plaintiff was allowed to respond to each and every incident cited by Defendants, which he did.

42. Letter to Tony Cabbil from Director McInnes (Notice of Proposed Termination and Pre-dismissal conference) dated 4/7/04 (Def.Ex.No. 13).

**RESPONSE: Plaintiff seeks to exclude virtually every fact of his employment save the facts surrounding the bridge inspection. As noted above, Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate. Prior disciplinary actions, such as the warning for the sick call violations, the reprimand issued to Plaintiff for having left the job site without permission, as well as the other matters identified to Plaintiff in the Notice of Proposed Termination are valid matters for consideration. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff in deciding to**

terminate Plaintiff's employment.  This information was not "after-acquired" information, but rather, information available, and utilized, in the process.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607. .  Plaintiff was fully aware of the information contained in the above-referenced exhibit due to the pre-termination hearing held by Defendants.  Plaintiff was allowed to respond to each and every incident cited by Defendants, which he did.

43.    Memorandum from L. Dee Rowe to Director McInnes through Ron Green regarding Pre-dismissal conference dated 4/16/04 including Tony Cabbil's written response (Def.Ex.No. 14).

**RESPONSE: Plaintiff seeks to exclude virtually every fact of his employment save the facts surrounding the bridge inspection.  As noted above, Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate.  Prior disciplinary actions, such as the warning for the sick call violations, the reprimand issued to Plaintiff for having left the job site without permission, as well as the other matters identified to Plaintiff in the Notice of Proposed Termination are valid matters for consideration.  Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate Plaintiff's employment utilized and considered in making that decision.  Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff in deciding to terminate Plaintiff's employment.  This information was not "after-acquired" information, but rather, information available, and utilized, in the process.  To prevent Defendants from presenting all the evidence used by Defendants to reach their decision would be prejudicial**

and contrary to the rules of evidence.  *See* Fed.R.Evid. 401, 402, 607.  **Plaintiff was fully aware of the information contained in the above-referenced exhibit due to the pre-termination hearing held by Defendants.  Plaintiff was allowed to respond to each and every incident cited by Defendants, which he did.**

47.    Letter to Tony Cabbil from State Personnel acknowledging appeal dated 5/11/04 (Def.Ex.No. 18).

**RESPONSE:  The above-referenced exhibit was provided to Plaintiff's counsel and is allowed to be submitted at trial under Fed.R.Evid. 803(6) and (8)(c).**

50.    Letter from 1/30/04 from Sandi Dietz to Tony Cabbil regarding complaint including investigative report dated 1/28/04 and L. Dee Rowe proposed resolution dated 1/12/04 (Def.Ex.No. 21).

**RESPONSE:  The above-referenced document was filed by Plaintiff and is relevant to the case before this Court.  Plaintiff voluntarily filed the complaint and used it as the basis of his case before this Court.  The document is admissible under Fed.R.Evid. 803(14) and (15).**

51.    Letter from Sandi Dietz to Hearing Officer John Green regarding Tony Cabbil's complaint hearing dated 3/3/04 (Def.Ex.No. 22).

**RESPONSE:  The above-referenced exhibit was provided to Plaintiff's counsel and is allowed to be submitted at trial under Fed.R.Evid. 803(6) and (8)(c) and Fed.R.Evid. 803(14) and (15).**

52.     Letter from attorney Steven L. Atha withdrawing Tony Cabbil's complaint/grievance (Def.Ex.No. 23).

**RESPONSE:  The above-referenced document was filed by Plaintiff and is relevant to the case before this Court.  Plaintiff voluntarily filed the complaint and used it as the basis of his case before this Court.  The document is admissible under Fed.R.Evid. 803(14) and (15).**

53.     Warning to Jeremy Akins dated 5/19/04 (Def.Ex.No. 24)

**RESPONSE:  The above-referenced exhibit was provided to Plaintiff's counsel and is allowed to be submitted at trial under Fed.R.Evid. 803(6) and (8)(c) and Fed.R.Evid. 803(14) and (15).  Also, Mr. Akins was listed as a comparator in Plaintiff's response to Defendants Motion for Summary Judgment (Doc. No. 19).  The exhibit is highly relevant, probative, and admissible due to Plaintiff's actions.**

54.     Recommendation to terminate Jeremy Akins dated 9/6/03 (Def.Ex.No. 25).

**RESPONSE:  The above-referenced exhibit was provided to Plaintiff's counsel and is allowed to be submitted at trial under Fed.R.Evid. 803(6) and (8)(c) and Fed.R.Evid. 803(14) and (15).  Also, Mr. Akins was listed as a comparator in Plaintiff's response to Defendants Motion for Summary Judgment (Doc. No. 19).  The exhibit is highly relevant, probative, and admissible due to Plaintiff's actions.**

55.     Form 11 (Termination) of Jeremy Akins dated 10/28/03 (Def.Ex.No. 26).

**RESPONSE:  The above-referenced exhibit was provided to Plaintiff's counsel and is allowed to be submitted at trial under Fed.R.Evid. 803(6) and (8)(c) and Fed.R.Evid. 803(14) and (15).  Also, Mr. Akins was listed as a comparator in Plaintiff's response to**

Defendants Motion for Summary Judgment (Doc. No. 19).  The exhibit is highly relevant,

probative, and admissible due to Plaintiff's actions.

      **WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully ask this Court to

deny Plaintiff's objections to the exhibits submitted by Defendants for the reasons stated above

and enter an Order allowing Defendants to offer the exhibits into evidence at trial.

                    RESPECTFULLY SUBMITTED
                    TROY KING
                    ATTORNEY GENERAL

                    s/ Andrew W. Redd
                    Jim R. Ippolito, Jr. (IPP001)
                    Assistant Attorney General
                    Chief Counsel

                    Andrew W. Redd (RED001)
                    George Robert Prescott, Jr. (PRE020)
                    Assistant Attorneys General
                    Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
redda@dot.state.al.us

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY CABBIL,                          )
                                      )
          Plaintiff,                  )
v.                                    )
                                      )   CASE NO. 2:05-cv-513-MHT
ALABAMA DEPARTMENT OF                 )
TRANSPORTATION and JOE McINNES,       )
                                      )
          Defendants.                 )

CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2006, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Russell W. Adams, Esq.
Wiggins, Childs, Quinn & Pantazis, P.C.
Attorneys at Law
301 19th Street, North
Birmingham, Alabama  35203
ATTORNEY FOR PLAINTIFF


s/ Andrew W. Redd
Andrew W. Redd (RED001)
Assistant Attorney General
Assistant Counsel

ADDRESS OF COUNSEL:
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us