IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:05-cv-513-MHT |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION and JOE McINNES, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT'S SUPPLEMENTAL OBJECTION TO PLAINTIFF'S EXHIBITS

COME NOW Defendants, the Alabama Department of Transportation and Joe McInnes, by and through their undersigned counsel, and file a supplemental objection to the Plaintiff's Exhibits.

Plaintiff has listed as "Exhibit 45" the Orders and Opinions entered by the Court in *Reynolds v. Alabama Department of Transportation*, CV-85-T-665-N, a case well-familiar to this Court. Defendants have objected to the introduction of such orders and opinions as well as the introduction testimony or other argument in which the orders and findings of *Reynolds* are discussed.

Plaintiff did not raise *Reynolds* in his complaint or in his EEOC charge. He has averred discriminatory treatment in connection with the termination of his employment. He has made no claims regarding hiring or promotion.

Defendants assert that documents, testimony, and argument wherein *Reynolds* is introduced are neither relevant nor probative of the issues before this Court. Even if relevant, introduction of such would lead to confusion and undue prejudice against Defendants. Fed.R.Evid. 401 and 403. Even the opinion in *Reynolds* itself strongly suggest that future cases involving claims of racial discrimination in the workplace should stand alone, on their own

merit, and not be permitted to piggyback on previous actions and orders.  As noted in *Reynolds v. Roberts*, 207 F.3d. 1288 (11th.Cir.2000) at 1301, in pertinent part:

> Second, if in the future a black employee—or any employee, for that matter—suffers racial discrimination in the work place, the employee's remedy (if the grievance cannot be resolved) will be to seek relief in a *separate* lawsuit, brought in state or-federal court.

Plaintiff should be precluded from introducing any orders or documents from the *Reynolds* litigation and should be further precluded from making reference to *Reynolds* in opening arguments, trial, and closing arguments.

         RESPECTFULLY SUBMITTED
         TROY KING
         ATTORNEY GENERAL

         s/ Andrew W. Redd
         Jim R. Ippolito, Jr. (IPP001)
         Assistant Attorney General
         Chief Counsel
         Andrew W. Redd (AWR 001)
         George Robert Prescott, Jr. (PRE020)
         Assistant Attorney General
         Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
redda@dot.state.al.us

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:05-cv-513-MHT |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION and JOE McINNES, | ) |
| | ) |
|     Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Russell W. Adams, Esq.
Wiggins, Childs, Quinn & Pantazis, P.C.
Attorneys at Law
301 19th Street, North
Birmingham, Alabama  35203
ATTORNEY FOR PLAINTIFF

        s/ Andrew W. Redd          .
        Andrew W. Redd (RED001)
        Assistant Attorney General
        Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us