IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
|     Plaintiff, | ) ) |
| v. | ) ) ) CASE NO. 2:05-cv-513-MHT |
| ALABAMA DEPARTMENT OF TRANSPORTATION and JOE McINNES, | ) ) ) |
|     Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

COME NOW Defendants, the Alabama Department of Transportation and Joe McInnes, by and through their undersigned counsel, and file their response to Plaintiff's Motion in Limine (Doc No. 50) and state as follows:

1. **Irrelevant Prior Convictions**: Defendants do not intend to introduce evidence or elicit testimony regarding Plaintiff's prior criminal convictions. Defendants reserve the right to make inquiry and/or introduce evidence of such if Plaintiff's testimony or other evidence causes these matters to become relevant to the case.

2. **Prior Employment**: Plaintiff's prior employment history reflects a tour of duty with the United States Army (1974–1976), employment as a mental health worker at Partlow State School (1976–1986), and as a mental health worker at Brewer Porch Children's Center (1989–2000). During discovery it was revealed that Plaintiff had omitted his up to two years of employment as a mental health worker at Indian River Mental Health Center. Plaintiff was terminated from Partlow State School for absenteeism and from Brewer Porch Children's Center for rules violations. The unreported employment had also been terminated for a rule violation. Defendants' Exhibits 2 and 3 (Employment applications) contain the following provisions, in pertinent part, as follows:

> I certify that all statements on or attached to this application are true and correct to the best of my knowledge. I know that any false statements may cause me to be denied that chance for testing, to be removed from an employment register, or to be released from employment.

Defendants contend that Plaintiff's employment applications and/or employment history are admissible for the purpose of impeachment. Plaintiff's credibility is at issue in this matter; thus the employment applications, specifically Plaintiff's failure to disclose a material fact of his prior employment is relevant to impeach his credibility. Fed.R.Evid. 401, 402, 607.

Plaintiff's retaliation claim is based in major part on his claim that he was terminated because of a grievance he had filed against Lewis Rager and Donna Elliott. This grievance arose after a confrontation that Plaintiff had had with co-worker Michael Smelley and alleged preferential treatment afforded Smelley. Defendants contend that it is relevant to compare Smelley's prior work history, which included approximately ten years of work with the Bibb County Highway Department, in a position very similar to his work at ALDOT, to that of Plaintiff, which included no prior employment in the field. Fed.R.Evid. 401, 402.

Defendants contend that the Plaintiff could have been terminated for the false employment applications had Defendants been aware of such. While this might not serve to bar all recovery in this claim, should Plaintiff prevail, it is relevant to curtail back pay and injunctive relief. *McCaskill v. Conagra Foods, Inc.*, 296 F.Supp.2d 1311 (M.D. Ala. 2003), citing *McKennon v. Nashville Banner Pub*, 513 U.S. 352, 362-363, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995).

    3.    **Absences**: Plaintiff appears to assert that only the facts surrounding the bridge inspection failures are relevant to this case. Plaintiff's absences, specifically, his excessive sick leave call-ins, violated Departmental policies and resulted in the issuance of a warning. This warning was a part of the Department's progressive discipline policy, which Defendants contend

may be considered when imposing subsequent disciplinary actions on the Plaintiff. A termination action cannot be taken in a vacuum. The employee's prior disciplinary actions and prior conduct are certainly valid considerations that may be included in the decision-making process, as would be good evaluations, longevity, and other facts of employment. The call-in violations were part of the underlying reasons for termination and were adequately described to Plaintiff in the April 7, 2004, Notice of Proposed Termination and Pre-termination Conference. In his April 14, 2004, response, Plaintiff addressed these matters. Fed.R.Evid. 401, 402.

    4.    **Other alleged Problems**: Plaintiff seeks to exclude virtually every fact of his employment save the facts surrounding the bridge inspection. As noted above, Defendants are entitled to offer, in support of this termination action, those facts which were considerations in the determination to terminate. Prior disciplinary actions, such as the warning for the sick call violations, the reprimand issued to Plaintiff for having left the job site without permission, as well as the other matters identified to Plaintiff in the Notice of Proposed Termination are valid matters for consideration. Moreover, what is pertinent is what the person(s) who made the ultimate decision to terminate Plaintiff's employment utilized and considered in making that decision. Those matters set forth in the Notice of Termination were considered by Nicky Calhoun, Dee Rowe, and the Director and staff in deciding to terminate Plaintiff's employment. This information was not "after-acquired" information, but rather, information available, and utilized, in the process. Defendant's Exhibits 10 -13, which touch upon these matters, and any corresponding testimony are relevant information used in the termination process. Fed.R.Evid. 401, 402.

                                                               RESPECTFULLY SUBMITTED
                                                               TROY KING
                                                               ATTORNEY GENERAL

        s/ Andrew W. Redd
        Jim R. Ippolito, Jr. (IPP001)
        Assistant Attorney General
        Chief Counsel

        Andrew W. Redd (RED001)
        George Robert Prescott, Jr. (PRE020)
        Assistant Attorney General
        Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
redda@dot.state.al.us

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:05-cv-513-MHT |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION and JOE McINNES, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Russell W. Adams, Esq.
Wiggins, Childs, Quinn & Pantazis, P.C.
Attorneys at Law
301 19th Street, North
Birmingham, Alabama  35203
ATTORNEY FOR PLAINTIFF

s/ Andrew W. Redd
Andrew W. Redd (RED001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us