# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) 2:05-cv-513-T |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF TRANSPORTATION and JOE | ) |
| MCINNES, in his official capacity as | ) |
| Director of the State of | ) |
| Alabama Department of | ) |
| Transportation; | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE**

**COMES NOW** the plaintiff in the above-styled cause, and in opposition to the defendants' motion in limine states as follows:

1. In addition to Mr. Edwards and Mr. Akins, Mr. Cabbil has previously testified to the disparity in treatment between himself and Mr. Smelley and the other white employees supervised by Ms. Elliott. Moreover, the defendants' witnesses admitted that there were probably other persons who had made inspection mistakes which led to contractors having to redo work though they could not name them at the time. Plaintiff is entitled to ask the defendants' witness their current recollection and to elicit this admission as well.

2. The defendants have also moved to exclude any reference to the *Reynolds* litigation or to offer any orders relating to that litigation arguing that they have no relevance.

Plaintiff intends to offer the *Reynods* consent decree (doc. no. 553) which established the complaint procedure which Mr. Cabbil utilized to make his initial claim of discrimination which led to the defendants' retaliation. Mr. Cabbil also plans to introduce the Court's order of April 12, 1998, on Johnny Reynolds suspension finding that participation in the *Reynolds* grievance procedure is protected activity. Doc. no. 2569. Plaintiff also intends to introduce the Court's contempt order of January 31, 2000 which demonstrates the defendants' unwillingness to institute the remedies designed to level the playing field for African-American employees and also shows the defendants' failure to engage in proper training of its African-American employees. The Court's orders of December 13th and 14th, 2004 also show that the defendants failure to comply with their training obligations. Mr. Cabbil was fired for alleged improper bridge inspection after only a few days of training. Moreover, the *Reynolds* case and the aforementioned documents reveal the defendants long history of discrimination and disparate treatment of African Americans. Such evidence is clearly admissible and relevant under the law of this Circuit. *See Harris v. Birmingham Bd. of Ed.*, 712 F.2d 1377, 1383 (11th Cir. 1983) ("This Circuit has also stated that `proof of an immediate history of discrimination alone can be sufficient to shift to the [defendant] the burden of justifying its employment decisions by clear and convincing evidence.'") [quoting *Lee v. Conecuh County Bd. of Ed.*, 634 F.2d 959, 963 (5th Cir. 1981)]' *Lee v. Washington County Bd. of Ed.*, 625 F.2d 1235, 1237 (5th Cir. 1980); *Hardy v. Porter*, 613 F.2d 112, 114 (5th Cir. 1980); *McDonnell Douglas v. Green*, 93 S. Ct. 1817, 1925-26 (1973) ("Other evidence that may be relevant to any showing of pretext includes facts as to the . . .

  .petitioners' general policy and practice with respect to minority employment.").

3. For the aforementioned reasons, the defendants' motion in limine is due to be denied.

    Respectfully submitted,

    s/ Russell W. Adams
    Russell W. Adams
    Counsel for Plaintiff
    Alabama State Bar No. 3760-A62R

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jim R. Ippolito
Andrew Redd
Robert Prescott
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

                                               s/ Russell W. Adams
                                               Counsel for Plaintiff