IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TONY CABBIL,                    )
                                )
     Plaintiff,                 )
                                )
                                )       CIVIL ACTION NO.
     v.                         )         2:05cv513-MHT
                                )
ALABAMA DEPARTMENT              )
OF TRANSPORTATION,              )
                                )
     Defendant.                 )
```

COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to explain to you the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

## I. INTRODUCTORY INSTRUCTIONS

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. Also, you are not to single out one instruction alone as stating the law but must consider these instructions as a whole.

You must also not let your decision be influenced in any way by either sympathy or prejudice for, or against, anyone. Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice, bias, or sympathy; follow the law as stated by the court; and render a just verdict regardless of the consequences. Our system of law does not permit jurors to be governed by bias, prejudice, sympathy, or public opinion.

The defendant in this lawsuit is the Alabama Department of Transportation. The government, or a department within the government, is entitled to the same fair and impartial trial at your hands as a private person. Such an entity stands equal before the law with all persons and must be dealt with as an equal in a court of justice. A non-human entity such as a department of the state government may of course act only through its human employees and agents; and, in general, such an entity is responsible under the law for any of the acts and statements of its employees and agents which are made within the scope of their duties as employees and agents of that entity.

As I have said, you must consider only the evidence -- that is, the testimony of the witnesses and the exhibits -- that I have admitted in the record. However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach

conclusions which reason and common sense lead you to make.

Remember that what the lawyers say is not evidence in the case.  The function of the lawyers is to point to those things most significant or most helpful to their side of the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said or any question I may have asked that I have any opinion concerning any of the issues before you in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision

you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have any personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Now, this is a civil case, not a criminal case.  Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt."  This is not the burden of proof in this case because, as I said, this is a civil case.

In a civil case, it is the responsibility of the party having the burden of proof to satisfy that burden by a "preponderance of the evidence."  A "preponderance of the evidence" simply means an amount of evidence which

is enough to persuade you that what is sought to be proved is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any material part of what is sought to be proved by a preponderance of the evidence, then you must find against the party having the burden of proof.

## II.   DISCUSSION OF CLAIMS

The plaintiff in this lawsuit is Tony Cabbil. He is the one who brought this lawsuit. The defendant is the Alabama Department of Transportation. It is the party that Cabbil has sued.

Cabbil asserts two claims. First, he claims that the Alabama Department of Transportation discriminated against him by terminating him because of his race.

Second, he claims that the Department retaliated against him by terminating him because he complained about his treatment based on his race. The Department denies that it terminated Cabbil because of his race and denies that it retaliated against Cabbil because of his complaints about his treatment based on his race.

Cabbil's first claim is that the Alabama Department of Transportation discriminated against him because of his race. Federal law prohibits employers from discriminating against their employees on the basis of race. An employee's race is thus what the law refers to as an "impermissible factor" in an employer's actions toward its employees.

Cabbil's second claim is that the Department retaliated against him by terminating him because he complained about his treatment based on his race. The law prohibiting discrimination in the workplace also prohibits an employer from taking any retaliatory employment action against a person because that person

has complained about his treatment based on his race. Such complaints are considered "protected conduct" under the law. A person who engages in such "protected conduct" cannot be penalized with any adverse employment action because he engaged in that protected conduct. In other words, the fact that a person previously engaged in protected conduct is also an "impermissible factor" in an employer's decision-making about an employment action.

In considering both Cabbil's discrimination claim and his retaliation claim, you, the jury, must go through a two-step process. In the first step, you must determine whether Cabbil has proved by a preponderance of the evidence that his race and/or protected conduct was a motivating factor in the Alabama Department of Transportation's decision to terminate him even though other factors may have also motivated the Department. You must determine whether the Department was motivated by Cabbil's race and/or protected conduct. At step one, Cabbil does not have to prove that race or protected

conduct was the only factor; he must simply prove that it was a motivating factor. If he has failed to establish, by a preponderance of the evidence, that his race or protected conduct was a motivating factor for the Alabama Department of Transportation's decision to terminate him, you should find against Cabbil and in favor of the Department.

If you find in favor of Cabbil at step one, you, the jury, must go to step two. At step two, you must determine whether the Alabama Department of Transportation has proved by a preponderance of the evidence that it would have terminated Cabbil even in the absence of any consideration of his race or protected conduct. If the Department has established this fact by a preponderance of the evidence, then you should find in favor of the Department and against Cabbil. However, if the Department has failed to establish this fact by a preponderance of the evidence, and if you also found in

favor of Cabbil at step one, then you should find in favor of Cabbil in this case.

Therefore, in order for Cabbil to prevail in this case, you must find:

<u>First</u>:   That Cabbil has established by a preponderance of the evidence that his race and/or protected conduct was a motivating factor for the decision by the Alabama Department of Transportation to terminate him, even though other factors also may have motivated the Department; and

<u>Second</u>:  That the Department has failed to establish by a preponderance of the evidence that it would have terminated Cabbil even in the absence of any consideration of Cabbil's race or protected conduct.

Cabbil has the burden of showing that the Alabama Department of Transportation treated him differently from the way it would have treated him if he had not been African-American or had not engaged in protected conduct, and that the discrimination or retaliation was intentional rather than accidental.  If you do not believe the Alabama Department of Transportation's explanation for why it terminated Cabbil, then you may

11

infer, but need not infer, that the Department intentionally discriminated or retaliated against Cabbil because of his race or his protected conduct. Intentional discrimination does not mean that Cabbil must prove that the Alabama Department of Transportation disliked African-Americans or people who bring discrimination complaints.  It means only that he must prove that either a non-African-American or a person who had not engaged in protected conduct would have been treated differently than he was, and that this difference in treatment would have resulted from purposeful actions, not accidental ones.  Another way of saying this is that to prevail, Cabbil must show that "but for" his race or protected conduct, the Department would not have fired him.

You are further instructed that an employer has the right to set the fundamental job requirements of an employment position and may decide to fire an employee for a good reason, a bad reason, or no reason, as long as

the decision to set the requirements and the decision to fire were not because of the employee's race or protected conduct. The law only requires that an employer make termination decisions without regard to impermissible factors. The law does not require an employer to extend any special or favored treatment to an employee because of the employee's race or his protected conduct. Therefore, that you might disagree with the Department's decision to fire Cabbil would not be a basis, by itself, for finding in favor of Cabbil. Instead, in order to find in favor of Cabbil, you would have to find that he should prevail under the two-step process described and discussed above.

On the other hand, you may think that the Department <u>could</u> have, or even <u>should</u> have, fired Cabbil for reasons unrelated to his race or his protected conduct. But if you find by a preponderance of the evidence that Cabbil's race or protected activity was a motivating factor in the Department's decision to fire him, and if you do not find

13

by a preponderance of the evidence that the Department actually <u>would</u> have fired him anyway, you must return a verdict in favor of Cabbil.

### III.  DAMAGES

If you find that Cabbil may recover on either of his claims against the Alabama Department of Transportation, then you should find in his favor and award appropriate damages, if any have been sustained.

Cabbil seeks "compensatory" damages. If you find in favor of Cabbil on either of his claims, you must determine whether he is entitled to damages and if so, how much. Of course, if you find that Cabbil has not succeeded on either of his claims, you need not consider damages at all, and your deliberations are at an end.

If you find that Cabbil is entitled to damages, you should award him only such damages as will reasonably compensate him for such injuries and damages as you find,

from a preponderance of the evidence in this case, that he has sustained.

Compensatory or actual damages are allowed and should be awarded if a party satisfies you, the jury, by a preponderance of the evidence that the party has been injured or damaged by the wrongful act or acts of the party charged. The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury actually sustained and proximately caused by the wrongful act or acts of the party charged. By proximate cause, the court means that cause which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury or damage and without which such injury or damage would not have occurred.

First, Cabbil seeks damages for his emotional distress. The law has no fixed or monetary standard to compensate for the injury of emotional distress. The

element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate Cabbil for such emotional distress as you find from the evidence that he suffered.  If you are reasonably satisfied from the evidence that Cabbil has experienced this injury as a proximate result of the Alabama Department of Transportation's conduct, you should award a sum that will reasonably and fairly compensate him for the emotional distress that he has suffered.  If you are satisfied by a preponderance of the evidence that he is reasonably certain to suffer emotional distress in the future as a proximate result of the Department's conduct, you should also compensate him for that injury.

Second, Cabbil seeks compensatory damages from the Alabama Department of Transportation for loss of earnings and benefits.  It is for you to determine from the evidence the nature, extent, and duration of his loss of earnings and benefits.  In order to calculate this loss,

you determine an amount equal to the pay and benefits that Cabbil would have received had he not been discriminated or retaliated against. From this amount, you should subtract the total amount Cabbil has earned up to the date of trial in wages, earnings, or other income and benefits.

During the course of the trial, you learned that Cabbil was involved in a motor vehicle accident in December 12, 2004, that has left him unable to work. Therefore, as you calculate damages for loss of earnings and benefits, you must keep in mind that Cabbil is only entitled to such damages up until the date at which the accident occurred.

## IV.   FINAL INSTRUCTIONS

You should not interpret the fact that I have given you instructions concerning the issue of damages as an indication that I believe that Cabbil should or should not prevail.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case. When you go to the jury room you should first select one of your members to

act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then you will return to the courtroom.