IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CABBIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: |
| ) | 2:05-cv-513-T |
| ) | |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**COME NOW** the plaintiffs, by and through counsel, and move for an award of attorneys' fees and expenses against the defendant as follows:

1.  This action was brought under 28 U.S.C. §1331, 1343(4), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by 42 U.S.C. § 1981, and the Civil Rights Act of 1991 and pursuant to 42 § 1981 for race discrimination and retaliation in employment. In such actions, pursuant to 42 U.S.C. §1988, "... the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."

2.  Based on the Special Verdict of the Jury and the evidence adduced at trial, the Court entered judgment in favor of plaintiff Tony Cabbil on October 6, 2006.

3.  The court's discretion to allow or deny fees is circumscribed by the requirement that fees be granted "absent special circumstances," as to which defendant has the burden of proof. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024 (1980); *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir. 1985). There are no such "special

circumstances" herein.

4. Based upon the hours expended in the case, the hourly rates appropriate to the attorneys and paralegal personnel involved, and the application of the standards set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987), to the facts of this case, plaintiff's attorneys request a lodestar award of $101,307.50 in attorneys' and paralegal fees.

5. The plaintiffs further incurred expenses, exclusive of costs, in the amount of $4,036.02 which are recoverable under 42 U.S.C. §1988. *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1189-91 (11th Cir. 1983).[1]

6. The Affidavit of Russell W. Adams in support of this motion for attorneys' fees is attached hereto as Exhibit "A." An itemization of the time and expense reasonably incurred in securing judgment on behalf of the plaintiffs in this action is attached hereto as Exhibit "A-1."

**WHEREFORE**, premises considered, plaintiffs request an award of attorneys' fees and expenses in the amount of $105,343.52.

                                        Respectfully submitted,

                                        s/ Russell W. Adams
                                        Russell W. Adams
                                        Counsel for Plaintiff
                                        Alabama State Bar No. 3760-A62R

---

[1] Plaintiffs have also filed contemporaneously herewith a Bill of Costs in the amount of $6,646.93.

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

## CERTIFICATE OF SERVICE

  I hereby certify that on the 29th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jim R. Ippolito
Andrew Redd
Robert Prescott
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

                s/ Russell W. Adams
                Counsel for Plaintiff